## Armstrong *et al. versus* Hallowell.

The record of a mechanics' claim cannot be amended, by an alteration in the description of the premises, so as to affect a *bonâ fide* purchaser, without notice.

Such amendment, if allowed, will not affect the previously acquired rights of a purchaser; as to him the amendment is a nullity.

A mechanics' claim is not a record; the lien docket is the record, and it alone affects encumbrances and purchasers.

ERROR to the District Court of *Philadelphia*.

This was an ejectment by Edward T. Hallowell against George H. Armstrong and Robert McQuiston, for a house and lot on the north side of Lombard street, in the city of Philadelphia, eighteen feet front, by sixty feet in depth, commencing at the distance of 222 feet eastward from Nineteenth street.

Both parties claimed title under William Henderson; the plaintiff under a sheriff's sale made on the 2d March 1857, under proceedings on a mechanic's lien; the defendants, under a sheriff's sale made on the 4th May 1857, by virtue of an execution issued on a judgment obtained against Henderson on the 17th December 1856.

On the 28th October 1856, Kerbaugh & Himes filed an apportioned claim for $69.30, in the Court of Common Pleas, against two three-story brick buildings and lots, of which William Henderson was alleged to be the owner, and which were described in the mechanic's lien docket as "all those two three-story brick buildings and lots on the north side of Lombard street, 188 feet eastward from the east side of Nineteenth street." The original claim was lost, having apparently been abstracted from the office. Upon this apportioned claim two writs of *scire facias* were issued and judgments obtained, and, under proceedings on one of them, the sale was made to the plaintiff.

On the 28th December 1858, after the commencement of this suit, and shortly before the trial, on application of Edward T. Hallowell, the purchaser at sheriff's sale, and the plaintiff in this action, the Court of Common Pleas granted a rule to show cause why the lost claim and *scire facias* should not be supplied by sworn copies, and the record amended thereby. Depositions were taken under this rule, but no notice thereof was given to the defendants in the ejectment, and on the 31st December 1858, the court made the rule absolute, and allowed the record to be amended. By the amended claim, the premises were described as commencing at the distance of 205 feet eastward from the east side of Nineteenth street, embracing the lot in dispute.

On the trial of the ejectment, on the 26th January 1859, the plaintiff gave in evidence an exemplification of the record of the

[Armstrong *et al. v.* Hallowell.]

Common Pleas as amended; the defendant produced a certified copy of the same record made on the 18th November 1857, before the amendment; and the court below, under the evidence, instructed the jury to find a verdict for the plaintiff.

To this instruction the defendants excepted; and a verdict and judgment having been given for the plaintiff, the defendants sued out this writ, and here assigned the same for error.

*McIntyre,* for the plaintiffs in error.—A record cannot be amended so as to prejudice a third party: Sale *v.* Crompton, 1 *Wils.* 61; Zimmerman *v.* Briggans, 5 *Watts* 186; Black *v.* Dodson, 11 *S. & R.* 97; Smith *v.* Hood, 1 *Casey* 220.

*F. C. Brewster* and *Wollaston,* for the defendant in error, cited Springer *v.* Keyser, 6 *Wh.* 187; Ewing *v.* Barras, 4 *W. & S.* 467.

The opinion of the court was delivered by

STRONG, J.—Both parties claim under William Henderson. The title of Armstrong, the defendant below, is founded upon a sheriff's sale made May 4th 1857. The sale took place by virtue of process upon a judgment obtained against William Henderson on the 17th of December 1856.

The plaintiff claims title also under a sheriff's sale made on the 2d of March 1857, by virtue of a *levari facias.* The contest in this case is whether, under this sale, Hallowell acquired the title to the lot as against Armstrong. On the 28th of October 1856, an apportioned mechanic's claim was filed in the Common Pleas of Philadelphia, by Kerbaugh & Himes, against two three-story brick buildings and lots, of which William Henderson was alleged to be the owner. Upon these apportioned claims two writs of *scire facias* were issued and judgments recovered. Under a *levari facias* alleged to be founded upon one of these judgments, the sale was made to the plaintiff. It would appear, therefore, that if the mechanic's claim was upon the lot which Armstrong bought, and if the *scire facias* and *levari facias* followed the claim as filed, the title of Hallowell under the sheriff's sale to him is the better title. But it is denied, that the claim was upon that lot, and of consequence, that there was any judgment against it, or authority to sell it under a *levari facias.* And here is the point of divergence between the parties. The claim as originally filed has been lost, apparently abstracted from the office. The docket entry, however, was against "all those two three-story brick buildings and lots on the north side of Lombard street, 188 feet eastward from the east side of Nineteenth street." The lot in controversy is at the distance of two hundred and twenty-two feet from the east side of Nineteenth street. It is true, the docket entry does not give the length of front on Lombard street of the two buildings

and lots, but they must have been adjoining, for a joint claim could have been filed against no other. The lot in controversy does not adjoin the lot distant one hundred and eighty-eight feet from the east side of Nineteenth street. There is an intervening property. The docket entry, therefore, as it originally stood, and as it was when Armstrong bought, evidences that the lot was not covered by the mechanic's claim.

Had Armstrong, at the time he purchased, gone to the office to search for liens, he would have found a claim filed against two adjoining buildings and lots distant 188 feet from Nineteenth street. If then he had gone to the locality, he would have found the two buildings and lots lying westward of the lot now in dispute—entirely westward from the point 222 feet eastward from Nineteenth street. Consequently, the docket revealed to him that there was no claim upon the lot in dispute. And he was under no obligation to look farther. The third section of the Act of 16th June 1836, respecting mechanics' liens, provides for a mechanics' lien docket, and makes it the duty of the prothonotary to "record and enter therein all descriptions or designations of lots, upon which claims are filed, and to cause the names of the claimants, owners, and contractors to be alphabetically indexed therein." The purpose of this docket is to give notice to purchasers and creditors, and here they must look. And if Armstrong had looked farther, it is by no means certain that he would have found anything more. The claim itself was early lost. Nor had he any reason to suppose that it differed in the description of the property from the docket entry. It was the duty of the prothonotary to enter upon the docket the description as contained in the claim. Besides, a mechanic's claim is no record. The docket is the only thing which affects encumbrancers or purchasers.

The plaintiff, however, contends that by leave of the court, a substituted claim and writ of *scire facias* were filed in lieu of the originals which had been lost, and that the docket entry was amended thereby, so as to describe the property as commencing 205 feet eastward from the east side of Nineteenth street, thus making the claim cover the lot in dispute.

This substitution and amendment were made on the 31st of December 1858, long after Armstrong had purchased and without notice to him. We say nothing of the remarkable haste manifest in the proceeding, only three days having elapsed between the rule to show cause, and its consummation. It is enough, that the amendment was wholly inoperative upon Armstrong's previously acquired rights. As between the original parties, it may have been allowable, but the books are full of authorities to the effect that it cannot be permitted to affect a purchaser who bought before it was made: Sale *v.* Crompton, 1 *Wilson* 61; Black *v.*

[Armstrong *et al. v.* Hallowell.]

Dodson, 11 *S. & R.* 97; Zimmerman *v.* Briggans, 5 *Watts* 186; Crutcher *v.* Commonwealth, 6 *Whart.* 349.

It follows from what we have said, that the court erred in instructing the jury, that their verdict should be for the plaintiff. As against Armstrong, the amendment was a nullity, and the case stood as if the mechanic's lien docket had never been changed, and as if a substituted claim and *scire facias* had never been filed.

The judgment is reversed, and a *venire de novo* awarded.