## Appeal of Daniel Cessna et al.

---

## Everett Glass Company's Estate.

A mechanics' lien, although duly docketed, does not, unless indexed in accordance with the act of June 16, 1836, affect a bona fide purchaser or mortgagee without notice.

(Argued May 11, 1887. Decided June 1, 1887.)

January Term, 1887, No. 279, E. D., before MERCUR, Ch. J., GORDON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ. Appeal from a decree of the Common Pleas of Bedford County distributing the proceeds of a sheriff's sale of real estate. Reversed.

The facts as they appeared before John P. Reed, Esq., the auditor appointed to make distribution, were stated in his report which, in so far as it related to the question presented by this appeal, were as follows:

Daniel Cessna, trustee, had recorded in the recorder's office for Bedford county, in Mortgage Book "F," pp. 350–353, a mortgage against the Everett Glass Company for the sum of $5,000, dated July 14, 1885, on the 16th. The mortgage con-

---

NOTE.—For the indexing of mechanics' liens under the act of 1901, see act of June 4, 1901, P. L. 431, §§ 7, 10, 18, 23, and 43.

veyed to said trustee a tract of 6 acres of land, more or less, situated in West Providence township, in said county.

Upon this lot were the requisite buildings for the glass works, and it is the real estate sold by the sheriff.

Upon this mortgage Hon. John Cessna, attorney, issued a scire facias, entered to No. 90, April term, 1886.

And in due course, on the 3d day of March, 1886, judgment was taken for the sum of $5,200, with interest from March 14, 1886, and costs.

Upon this judgment Mr. Cessna issued a levari facias to No. 78, April term, 1886, by virtue of which the sheriff levied upon said real estate, and advertised the same for sale.

Subsequently the writ was stayed and the sheriff made return accordingly.

An alias levari facias was then issued, entered to No. 11, September term, 1886, upon which the sheriff made return:

"Land advertised for sale May 18, 1886, and notice of sale served 8 miles. May 18, 1886, land and premises within described sold to Daniel Cessna, Esq., of Bedford, Pennsylvania, for the sum of $5,030, he being the highest and best bidder, and that the highest price bidden for the same."

On this mortgage, judgment and execution Mr. Cessna claims the entire proceeds of the sale.

The Watertown Steam Engine Company, of the state of New York, by their counsel, Frank Fletcher, Esq., entered a mechanics' lien, filed and entered on the mechanics' lien docket to No. 21 of the year 1885, on the 10th day of December, 1885, for the sum of $700. Interest from October 1, '85.

The claim is for an engine furnished June 15, '85, $390, and a boiler furnished June 26, '85, $400, making $790; upon which was paid July 7, '85, $90—leaving due claimants $700.

The claim was furnished on the credit of the buildings (described at length in lien filed) on the 6 acres of land described in mortgage.

The claim was not indexed on the mechanics' lien docket.

Messrs. Reynolds & Cessna object to the lien because it was not indexed, and because of informalities, irregularities and legal defects.

Mr. Reynolds also objects that claim is not proved.

The claim, however, was subsequently proved, and it is as-

signed to the use of Daniel Cessna, to whom it was sold, and it remains unpaid.

A great deal of testimony was taken to show the origin of the mortgage debt, and Mr. Cessna's connection with the same—whether he was counsel for the same or not, and had notice of the mechanics' liens.

Daniel Cessna, the trustee, was a dry trustee and had no interest in the mortgage. He assigns $2,500 of the same to Franklin & Marshall College, July 15, '85. July 20, '85, he assigned to Mrs. Margaret Heffner $1,500. August 15, '85, he assigned $400 to Peter Fink, and on the 22d of August, 1885, $600 to John A. Gump.

Mr. John Cessna was president of the glass company and secured all the above moneys for the company from the assignees, except the loan made by Mr. Gump. Mr. Cessna was not attorney for Franklin & Marshall College, or any of the others taking parts of the mortgage, but he induced them to take the same, assuring them it would be a safe investment; and although not legally bound to them in any way, he felt morally bound to see them get a return of their money, and assured them they should not lose; hence, his interference in this business. He saw that the company was insolvent, and voluntarily issued the writs bringing the property to sale; and in the same spirit he attended the sale of the real estate, to see that it brought a price to save the people he induced to lend money to the company, and not as counsel for any person.

The lien filed is in due form, describing the premises properly, and is duly proven. The only substantial objection is that it was not indexed.

But inasmuch as the engine and boiler were contracted for under the original plan, and they were good articles faithfully furnished, and were left unpaid for at the time of the making of the mortgage, and the fact was known to the mortgagee, and there being no objection to it by the mortgagee, the claim is allowed to participate in the fund.

In accordance with the foregoing finding of facts, and opinion, the auditor respectfully reports the following:

Distribution.

| | | |
|---|---:|---:|
| Fund in court for distribution.................... | $5,030 | 00 |
| Appropriated to costs of audit.................. | 51 | 67 |

| | | | | |
|---|---:|---:|---:|---:|
| Appropriated to the Watertown Steam Engine Company, lien No. 21, of the | | | $4,978 | 33 |
| year 1885 ..... .................... | $700 | 00 | | |
| Int. from Oct. 1, '85, to sale May 18, '86 | 26 | 50 | | |
| Prothonotary's entering lien .......... | 1 | 00 | | |
| | | | $727 | 50 |
| | | | $4,250 | 83 |

The above balance appropriated to the debt, interest, and costs due on judgment.

Daniel Cessna, trustee, ⎫ No. 90, April
　　　　　　　　　　　　｜　Term, '86.
　　　　　vs.　　　　　⎬ Alias levari fa-
　　　　　　　　　　　　｜　cias No. 11.
The Everett Glass Co. ⎭ Sept. Term, 1886.

Cost taxed on writ, $112.27, to be paid first.

| | | |
|---|---:|---:|
| For use of Franklin & Marshall College.. | $2,500 | 00 |
| For use of Mrs. Margaret Heffner .... | 1,500 | 00 |
| For use of Peter Fink ............... | 400 | 00 |
| For use of John A. Gump ........... | 600 | 00 |

| | | |
|---|---:|---:|
| From above bal. deduct costs to be paid first, to wit: ................................ | 112 | 27 |
| Balance to be appropriated to above assignees *pro rata:*.... .. ............................ | $4,138 | 56 |

*Pro rata* 82.77-100.

Therefore,

| | | |
|---|---:|---:|
| Franklin & Marshall College's share,............ | $2,069 | 30 |
| Mrs. Margaret Heffner's share................ | 1,241 | 56 |
| Peter Fink's share......................... | 331 | 08 |
| John A. Gump's share...................... | 496 | 62 |
| | $4,138 | 56 |

The trustee and assignees excepted to the report, upon the ground that the lien should not have been allowed; but the court below dismissed the exceptions and confirmed the report.

The assignments of error specified the action of the court: (1) In overruling the exceptions filed to the auditor's report; (2) in decreeing any money to the claim of the Watertown Steam Engine Company; and (3) in not appropriating and decreeing all of the money made on sale of the real estate of the Everett Glass Company to the mortgage of Daniel Cessna, trustee, for the use of appellants.

*John Cessna,* for appellants.—There is but a single question at issue in this case. The contest is between a mortgage and a mechanics' lien. The third section of the act of June 16, 1836, 2 Purdon's Digest, § 3, provides and directs that prothonotaries shall "procure and keep a book docket, which shall be called 'The Mechanics' Lien Docket,' in which he shall cause to be entered and recorded, all descriptions or designations of lots or pieces of ground as hereinafter mentioned, and all claims that may be filed by virtue of this act, together with the day of filing the same; and he shall cause the names, as well of the owner of the lot or piece of ground, as of the contractor, architect or builder, if such be named, and of the persons claiming any lien under this act, to be alphabetically indexed therein."

A mortgagee is a purchaser for value. Any creditor on distribution may attack a mechanics' lien. Knabb's Appeal, 10 Pa. 186, 51 Am. Dec. 472; Norris's Appeal, 30 Pa. 122; McCay's Appeal, 37 Pa. 125.

While some liberality has been extended by the courts towards mechanics and materialmen, this liberality does not excuse a substantial compliance with the provisions of the statutes. A mechanics' lien depends on no principle of moral right, but on positive enactment, of which it is the creature, and beyond the terms of which it cannot be extended. Bolton v. Johns, 5 Pa. 149, 47 Am. Dec. 404; Noll v. Swineford, 6 Pa. 187.

The remedies afforded by the mechanics' lien law are extraordinary, and in view of the large license it confers our courts have found it necessary, for the protection of others, to hold the claimants under the law to, at least, a substantial compliance with the acts of assembly. As the law calls for nothing unreasonable at the hand of him who would fasten an encum-

brance upon the property of his neighbor, no just ground of complaint is afforded by insisting upon a rigid adherence to its provisions. Lauman's Appeal, 8 Pa. 473.

It is open to impeachment by all having an interest in the question of its validity as owner, purchaser or subsequent lien creditor. As a lien of this nature derives its vitality exclusively from the statutes, it has been repeatedly decided that it must conform to these requisitions in every essential particular under penalty of avoidance. McCay's Appeal, 37 Pa. 125.

The right of a mechanic is not a right at common law. It is entirely of statutory creation. His privileges can only be asserted in the manner provided by the statute. Ely v. Wren, 90 Pa. 148.

In the case now under consideration no writ of sci. fa. had ever been issued and of course no judgment obtained. The claim filed, even if it had been indexed, was no record. Davis v. Church, 1 Watts & S. 240; Lauman's Appeal, 8 Pa. 473; Armstrong v. Hallowell, 35 Pa. 485.

A judgment obtained upon a mechanics' lien is not even prima facie evidence in a contest among creditors. Norris's Appeal, 30 Pa. 122.

It was the duty of the claimant to see that his lien was properly entered. Ridgway's Appeal, 15 Pa. 177, 53 Am. Dec. 586; Smith's Appeal, 47 Pa. 128. See also authorities cited in these two cases.

This lien was constructive notice to no one and actual notice of its existence would have bound no person. Simpson v. Williams, 3 Yeates, 402; Heister v. Fortner, 2 Binn. 40, 4 Am. Dec. 417; Kerns v. Swope, 2 Watts, 75; Bolton v. Johns, 5 Pa. 145, 47 Am. Dec. 404; Uhler v. Hutchinson, 23 Pa. 110; Goepp v. Gartiser, 35 Pa. 130; Myers v. Boyd, 96 Pa. 427.

The doctrine of notice does not apply to creditors, only to purchasers. Hulings v. Guthrie, 4 Pa. 123.

Besides, no notice is proved or even alleged, in the present case. A judgment has priority over an unrecorded mortgage, even when the plaintiff in the judgment had actual notice of the existence of the mortgage. Jaques v. Weeks, 7 Watts, 261; M'Lanahan v. Reeside, 9 Watts, 508, 36 Am. Dec. 136.

Reigart's Appeal, 4 Pa. 477, a case of an assignment for creditors—not recorded in the county where the assignee resided—was ruled void as to creditors.

In Dougherty v. Darrach, 15 Pa. 399, an assignment for creditors had been recorded in the county in which the assignor resided, but not in the county where the land was located, and it was ruled void as to a purchaser without notice.

A judgment against a partnership or firm, and not indexed against the individual members of the firm, creates no lien against them, not even when entered against such members of the firm, if the Christian names are omitted. York Bank's Appeal, 36 Pa. 458; Smith's Appeal, 47 Pa. 128.

There is a vast difference in the legislation directing the recording of mortgages, judgments, and mechanics' liens. No particular book is designated for the two former. But for mechanics' liens the act is specific as to the book and mandatory as to the things required to be done. Glading v. Frick, 88 Pa. 460.

Irish v. Harvey, 44 Pa. 76, decides only that a lien is good between the parties although not indexed. Had there been a mortgage or judgment the ruling would have been different.

*Frank Fletcher* for appellees.

OPINION BY MR. JUSTICE TRUNKEY:

The mortgage was executed on July 14, 1885, to Daniel Cessna, trustee, who had no interest in it, and who assigned the whole of it to the persons who loaned the money to the mortgagor. John Cessna, president of the corporation, was the active party in procuring the loan, and the auditor finds that he "was not attorney for the Franklin & Marshall College, or any of the others taking parts of the mortgage," but he induced them to take the same. The last assignment was made August 22, 1885, to John A. Gump.

After the sheriff's sale Daniel Cessna purchased the claim of the Watertown Steam Engine Company, thereby acquiring an interest adverse to the assignees of the mortgage, and because that claim was "left unpaid at the time of the making of the mortgage and the fact was known to the mortgagee, and there being no objection to it by the mortgagee, the claim is allowed to participate in the fund."

That the mortgagee who never was actually interested in the mortgage, and who now owns the mechanics' claim, should not

object is not very singular. Surely, his conduct since the assignment ought not to prejudice the assignees.

The mechanics' claim was filed December 10, 1885, and had it been indexed the lien would have continued against subsequent lien creditors. Here there is no question of the continuance of the lien against the owner of the building, or against a creditor who had notice that the claim was filed. There is no evidence that the owners of the mortgage had notice. The docket is the only thing which affects encumbrancers and purchasers. Armstrong v. Hallowell, 35 Pa. 485.

Had the encumbrancers looked at the proper docket they would not have found the claim. They were not bound to search through the docket for a claim, when there was nothing in the index to show its existence. Although there was a lien for the debt owing to the Watertown Steam Engine Company, at the date of the assignments of the mortgage, filing the claim was necessary to keep it alive.

Without actual or constructive notice that the claim had been filed, the assignees cannot be postponed in favor of such claim in the distribution of the proceeds of the sheriff's sale. They are not under the necessity of showing that they would have bid more for the property had they known of the lien. Their action is presumed to have been based on the record, of which they were bound to take notice. The mere fact that there was a valid claim and lien against the defendant in the execution does not prejudice a creditor or purchaser.

Decree reversed, and it is now considered that $4,866.06 be appropriated *pro rata* to the assignees in the case of Daniel Cessna, Trustee, v. Everett Glass Co., and the balance of the fund to costs as set forth in the decree of the court below. Costs of appeal to be paid by appellees.