# Universal Builders Supply Company, Inc., v. Zychowski et al.

*Thomas P. Nee,* for plaintiff.
*Marquis M. Smith,* for defendants.

LAIRD, P. J., June 15, 1950.—The question before the court in this matter is whether a demurrer to a scire facias sur mechanics' lien should be sustained, and in the instant case, we are constrained to answer in the negative.

The facts are as follows: On November 5, 1948, the Universal Builders Supply Company, Inc., plaintiff above named, filed a mechanic's lien against Walter E. Zychowski and Anna C. Zychowski, his wife, owners or reputed owners, and A. J. Tomko & Son, contractor. The lien is for the sum of $337.09 for lumber and material furnished in the erection or construction of a building on property in the Borough of Trafford.

On November 11, 1948, a notice of the filing of the lien was served upon defendants, owners of the property, by serving a copy thereof on Walter E. Zychowski personally and upon Anna C. Zychowski by leaving a copy thereof with Walter E. Zychowski, her husband, an adult member of her family, at her residence; the notice being filed at no. 15390, mechanics' lien docket, in the office of the Prothonotary of Westmoreland County at Greensburg, Pa.

On February 11, 1950, a writ of scire facias was issued upon the lien to May term, 1950, no. 30, returnable to the first Monday of March 1950. On March 15,

1950, a demurrer was filed by defendants to the writ of scire facias, which demurrer is now before the court, the reasons alleged therefor being as follows: "that the said Sci. Fa. is not sufficient to maintain the plaintiff's action for the following reason: that the plaintiff, Universal Builders Supply Company, Inc., filed a mechanic's lien at No. 15390 against the defendants above named and A. J. Tomko & Son, Contractor, which mechanic's lien is not indexed in the mechanic's lien docket in the Prothonotary's office of Westmoreland County either against Walter E. Zychowski and Anna C. Zychowski, his wife, owners, or against A. J. Tomko & Son, Contractor,—which is required by the Act of Assembly in such case made and provided".

No fault is found with the lien itself, its contents, time of filing, notice, amount, workmanship or material, to secure the payment for which it is filed. Neither is any objection made to the description of the building nor the ground on which it is located, nor the property sought to be bound by the lien.

It will be noticed that claimant is the contractor and the parties, who seek to nullify the lien, are the owners, who endeavor to avoid payment, and not a grantee, mortgagee nor subsequent judgment creditor. The contest here is between the original parties; but the entry upon the mechanics' lien docket is not necessary to create a lien upon defendants' real estate. The only effect of a defective entry is a failure to give notice to subsequent purchasers and encumbrancers; as between the original parties, the lien is not affected: The York Bank's Appeal, 36 Pa. 458.

If a subsequent mortgagee, judgment creditor or grantee were deceived or defrauded by the failure of the prothonotary to properly index the lien, the case would be different and that official would be liable.

"The purpose of the act in requiring that the contract be indexed is obvious, and if the indexing is done

in such a way as to fail to give the notice required to sub-contractors, they should not be the ones to suffer": Kuhns v. Gillen and Maguire, 20 Dist. R. 747.

In Armstrong et al. v. Hallowell, 35 Pa. 485, it was held: "A mechanics' claim is not a record; the lien docket is the record, and it alone affects encumbrances and purchasers." In Erie City v. Willis, 26 Pa. Superior Ct. 459, it was said by Judge Rice:

"A statute directing the mode of procedure by a public officer is in general deemed directory; a precise compliance is not essential to the validity of the proceedings unless so declared."

Judge Rice went on to say further:

"In concluding his opinion in Pittsburg v. Coursin (74 Pa. 400), Justice Sharswood said: 'It is true that we ruled in Hutchinson v. Pittsburg, that where due notice has been given, the assessment is conclusive upon the party, but it does not follow that if not given the assessment is thereby wholly invalidated, but only that it is not conclusive. The party may show errors and mistakes, and have them corrected on the trial of the scire facias upon the claim.' "

Again quoting from page 464:

"But it is quite clear to us that failure to enter the claim in the mechanic's lien docket, in addition to entering it in the municipal lien docket, or the prothonotary's neglect to keep a locality index, was not sufficient to invalidate the lien as between the parties, nor to absolutely bar recovery upon the sci. fa. issued upon it."

In Irish et al. v. Harvey & Co., 44 Pa. 76, Mr. Justice Reed said, quoting from page 77:

"The courts have held claims so filed to be good when the locality of the building has been inaccurately described, and where the Christian names and even the surnames of the claimants have not been given, but only the firm name.

"It is made the duty of the prothonotary to enter in the mechanics' lien docket all claims that may be filed, together with the date of filing the same; and he is also to cause the names as well of the owner of the lot or piece of ground as of the contractor, architect, or builder, if such be named, and of the persons claiming under any lien, to be alphabetically indexed therein. . . . Now the defendants are neither purchasers, mortgagees, nor judgment-creditors, but simply parties who have sustained no injury, and who have no right to use a clerical omission of a public officer to defeat a just debt due by them. . . . 'But what is the effect of the judgment docket? Simply to give notice to purchasers, subsequent encumbrancers, and all others in interest. The judgment does not depend for its validity, as between the parties, upon its entry in the judgment docket.' So here the claim was regularly filed in proper form and time, and was properly entered on the mechanics' lien docket, and its validity, as between the parties, cannot be affected by the clerical omission of the prothonotary to index the names alphabetically."

See also 12 Standard Pa. Practice 140, sec. 207.

In Ridgway, Budd & Co.'s Appeal, 15 Pa. 177, it is said, quoting from page 181:

". . . a subsequent purchaser, or judgment creditor is not bound to look beyond the judgment docket (citing cases). The remedy of the party aggrieved is against the prothonotary; for, as it regards purchasers and creditors, it is the plaintiff's duty to see that his judgment is rightly entered in the judgment docket. . . . We think that the failure to add the Christian names is fatal to the claim. That, though good as between the parties, it cannot affect subsequent purchasers or judgment creditors."

See also 23 Ruling Case Law 190, sec. 47. As there are no creditors or purchasers affected, interested or complaining, we are of opinion that the demurrer

should not be sustained, and we, therefore, enter the following decree:

And now, to wit, June 15, 1950, after argument and after due and careful consideration, it is ordered, adjudged and decreed that the demurrer be and the same hereby is denied.