677 A.2d 1241

**DELMONT MECHANICAL SERVICES, INC., Appellant,**

**v.**

**KENVER CORPORATION and Ronald Srein.**

Superior Court of Pennsylvania.

Argued Dec. 7, 1995.

Filed June 11, 1996.

Edward Seglias, Philadelphia, for appellant.

Jonathan B. Freedman, Philadelphia, for Kenver Corp., appellee.

James L. Griffith, Philadelphia, for Srein, appellee.

Before BECK, POPOVICH and HOFFMAN, JJ.

BECK, Judge:

This is an appeal from the trial court's order granting summary judgment in favor of Srein and Kenver Corporation and striking the claim of lien filed by Delmont Mechanical Services. We affirm the trial court's order.

Delmont Mechanical Services, Inc. ("Delmont"), the appellant and a mechanical and electrical subcontractor, entered into two contracts with Krendell Construction, Inc. ("Krendell") to provide mechanical and electrical work on property located at 70–72 North Second Street, Philadelphia, Pennsylvania ("the Property"). The first contract with Krendell incorrectly stated that Kenver Corporation ("Kenver") was the owner of the Property. The second contract correctly stated that Historical Second Street Development Associates ("Historical Second Street") was the owner of the Property.[1] Robert Welch is the sole shareholder of Kenver and Krendell and the general partner of Historical Second Street.

Delmont did not receive full payment for the labor and material provided and filed a mechanics' lien against the Property on June 18, 1990. At the time the lien was filed, Historical Second Street was the record owner. However, Delmont named Kenver as the owner or reputed owner of the property.[2] The claim was filed with the Philadelphia County Prothonotary, docketed as No. 0155L, and recorded in the mechanics' lien index. Delmont admits that the lien was not recorded in the judgment index as required by the Mechanics' Lien Law.

During the time that Delmont was working on the Property, Welch borrowed money from Mr. Srein and obtained an unsecured personal loan in the amount of $300,000. In July

1. At the time Krendell contracted with Delmont, Historical Second Street was the record owner of the Property. Historical Second Street's deed was recorded in the Department of Records for the City and County of Philadelphia. Kenver has never had any ownership interest in the Property.

2. It should be noted that Delmont served pre-lien notice and notice of filing of the Lien upon Kenver. Nothing in either notice referred to or was directed to Historical Second Street. Furthermore, no notice was ever sent to Historical Second Street.

1990, unable to comply with the loan agreement and make payments, Historical Second Street conveyed a first priority mortgage interest in the Property to Srein as security for the loan. In January of 1991, Srein acquired title to the Property from Historical Second Street in lieu of foreclosing on the mortgage. It is important to note that Delmont filed its mechanic's lien prior to Srein's acquiring the mortgage interest and title. Srein's title was recorded in the Department of Records for the City and County of Philadelphia. Before acquiring the mortgage interest, Penn Title Insurance Company performed a title search and provided title insurance to Srein finding that no mechanics' liens had been filed against the Property. Furthermore, during the closing, Welch stated that there were no encumbrances or liens against the Property. Srein claims he had no knowledge of the lien until after he received title to the Property.

In June of 1991, Delmont brought the present mechanic's lien action to reduce the lien claim against Kenver and the Property to judgment. Delmont sued Kenver, the entity named in the mechanic's lien and Srein, the present owner and owner at the time of the suit. Srein's motion for summary judgment was denied without oral argument and without an opinion by the Honorable Joseph O'Keefe. Delmont's cross-motion for summary judgment was denied by the Honorable Richard B. Klein after oral argument. Trial was scheduled for June of 1995 before the Honorable Craig Lord. At a pre-trial conference it was agreed by counsel that Judge Lord would entertain oral motions for summary judgment by Srein and Kenver on the legal issues of whether Delmont had filed a valid mechanic's lien. The parties further agreed that Judge Lord would act as fact finder on the limited issue of determining whether Srein had actual notice of Delmont's lien prior to obtaining an interest in the Property.

Judge Lord issued the order presently on appeal. He granted Srein's motion for summary judgment and struck Delmont's lien on the grounds that the lien failed to comply

with the Mechanic's Lien Law.[3] Judge Lord found that the lien claim incorrectly identified the owner of the Property as Kenver, and therefore, the claim of lien was not indexed against the actual owner of the Property or against any person that ever owned the Property in either the judgment index or mechanics' lien docket. The trial court did find that Delmont's lien was indexed against the Property in the mechanics' lien docket under the property address. The court stated that because the lien did not comply with the requirements of the Mechanic's Lien Law, it was not valid against Srein or the Property unless Delmont proved that Srein had actual notice of the lien prior to gaining an interest in the Property. The court, in finding that Srein had no actual knowledge of Delmont's claim of lien prior to his acquisition of the mortgage or title to the Property granted summary judgment in favor of Srein and Kenver and struck Delmont's mechanic's lien claim. Delmont appeals.

Our standard of review in assessing the grant of a motion for summary judgment requires us to view the record in a light most favorable to the non-moving party. Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, admissions on file and affidavits show that there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law. *Zearfoss v. Frattaroli*, 435 Pa.Super. 565, 646 A.2d 1238 (1994). In the present case, Delmont's mechanic's lien is invalid because he failed to comply with the requirements of the Mechanics' Lien Law, and Srein and Kenver are entitled to judgment as a matter of law.

**3.** The prior denials of summary judgment by Judge O'Keefe and Judge Klein do not preclude Judge Lord from granting summary judgment. The general rule is that a judge must follow the decision of a colleague on the same court when based on the same set of facts. *Harrity v. Medical College of Pennsylvania Hospital*, 439 Pa.Super. 10, 653 A.2d 5 (1994). In the present case, the previous summary judgment proceedings did not address the issue of whether the mechanic's lien was invalid because it was not filed in the judgment index, nor did they involve evidence concerning Srein's actual notice of the mechanic's lien. Furthermore, Judge O'Keefe's denial of Srein's motion for summary judgment was without opinion.

 The Mechanics' Lien Law is a creature of statute in derogation of the common law and must be given strict construction. *King's Oak Liquidators v. Bala Cynwyd Hotel Associates,* 405 Pa.Super. 250, 592 A.2d 102 (1991). Therefore, any questions of interpretation should be resolved in favor of a strict, narrow construction. *Raymond S. Hess, Inc. v. Kutner,* 13 D. & C.3d 556, *aff'd,* 268 Pa.Super. 610, 413 A.2d 1125 (1979). In order to effectuate a valid lien claim, the contractor or subcontractor must be in strict compliance with the requirements of the Mechanics' Lien Law. *Castle Pre–Cast Superior Walls of Delaware, Inc. v. Strauss–Hammer,* 416 Pa.Super. 53, 610 A.2d 503 (1992). *See Este v. Pennsylvania R. Co.,* 27 Pa.Super. 521 (1905) (strict compliance applies to the substance of the Mechanics' Lien Law). In the present case, Delmont's lien claim is invalid because he failed to comply with two requirements of the Mechanics' Lien Law.

 Delmont failed to satisfy the elements of 49 Pa.C.S. § 1503 which require the lien claim to state "the name and address of the owner or reputed owner." 49 Pa.C.S. § 1503(3) (Purdons 1965). Appellant argues it met the requirement because it set forth the name of the reputed owner, Kenver. To support its argument, Delmont cites to the definition of reputed owner as stated by Black's Law Dictionary. Reputed owner is defined as "one who has to all appearance of title to, and possession of, property; one who, from all appearances, or from supposition, is the owner of a thing. He who has the general credit or reputation of being the owner or proprietor of goods." Appellant asserts that the first contract naming Kenver as the owner of the Property and other representations by Welch caused Delmont to believe that Kenver was the owner of the Property. Delmont argues Welch created the appearance that Kenver was the owner of the Property, and therefore Kenver should be the reputed owner under section 1503. Appellant, however, was unable to provide and our independent research was unable to uncover any cases which adopt or apply Delmont's definition of reputed owner.

The only case law dealing with the validity of a lien which names a reputed owner involves the situation where the owner

who contracted for the work transfers the property before the lien claim is filed. The court consistently held that a lien is valid if it names either the owner at the time the work began or the present record owner of the property. *See Steinman v. Miller*, 2 Penny. 190 (Pa.1882) (omission of the name of the owner was a fatal defect and not cured by filing the lien against the contractor naming him as reputed owner since he was never the owner and had no interest in the lots); *Fourth Avenue Baptist Church v. Schreiner*, 88 Pa. 124 (1878) (lien sufficient if filed against the person who was the owner at the commencement of the building when the material was contracted for or the record owner at the time the lien was filed); *Jones v. Shawhan*, 4 Watts & Serg. 257 (Pa.1842) (same). The law is clear that the Mechanics' Lien Law must be strictly and narrowly interpreted, and since the Pennsylvania Supreme Court has discussed reputed owner only in terms of naming the owner at the time the work was performed or the present record owner, we will not extend the concept of reputed ownership to include the present situation. Kenver never had an ownership interest in the Property, and we find no reason to hold that Kenver was a reputed owner under the statute especially when the second contract stated Historical Second Street was the owner and put Delmont on notice that there was confusion as to who owned the Property.

The appellant cites to *Chambers v. Todd Steel Pickling, Inc.*, 323 Pa.Super. 119, 470 A.2d 159 (1983) for the proposition that reputed ownership involves factual issues of appearance and reputation potentially involving representations by one in a position to know.[4] The court in *Chambers* held that the actual owner was estopped from arguing that a mechanic's lien was invalid where the lessee led the contractor to believe that he was the owner of the property. The estoppel argument

4. Appellant also cites *Otis Elevator v. Hummingbird Hill Development Corp.*, 69 Berks 46 (C.P. Berks 1976) for the proposition that a mechanic's lien naming a reputed owner is valid where there is an appearance that the reputed owner has title to the property at the time the contract was executed by the parties. Appellant's interpretation of *Otis* is incorrect. *Otis* stands for the proposition that a lien is valid if the lien claim names the owner at the time the work was contracted for even if there is a different owner at the time the lien is filed.

adopted by the court in *Chambers* dealt with that requirement of the Mechanics' Lien Law which requires the owner to sign a statement that improvements made to the leased premises are in fact for the immediate use and benefit of the owner. 49 Pa.C.S. § 1303 (Purdons 1965). The court stated that it would not permit a corporate landlord to avoid a mechanics' lien against its property where the tenant of the property, who was also the president and sole stockholder of the corporate landlord, led the contractor to believe that he was the actual property owner. Appellant argues that Srein should be estopped from arguing the mechanic's lien is invalid since Welch, the sole stockholder of Kenver and Krendell and the general partner of Historical Second Street, led Delmont to believe Kenver was the owner of the property. *Chambers*, however, is not applicable. First, *Chambers* does not deal with the definition of reputed owner and whether a lien claim is valid under section 1503. Secondly, in *Chambers* there was evidence of the tenant's misrepresentation that he was the owner of the property; he contracted for the work and paid the contractor with personal checks and checks from other corporations. In fact, in the present case the second contract which states the correct owner as Historical Second Street undermines appellant's misrepresentation argument. Furthermore, as stated above, the Pennsylvania Supreme Court has defined reputed owners under § 1503 narrowly and we will not expand the concept of reputed ownership.

▪ The law is also clear that failure to correctly name the owner of the property is a fatal defect and renders the lien invalid. *Steinman v. Miller*, 2 Penny. 190 (Pa.1882); *Houston Smith & Co.'s Appeal*, 6 W.N.C. 162 (Pa.1878). Since Delmont failed to name the owner or reputed owner of the property under section 1503, the lien is invalid.

▪ Delmont admits that its lien claim was not filed in the judgment index. The Mechanics' Lien Law under 49 Pa.C.S. § 1507 requires the claim to be entered on the judgment index and the mechanics' lien docket against the owner.[5] The issue

5. 49 Pa.C.S. 1507 provides:

before us is to determine how Delmont's lien, which fails to state the owner or reputed owner and which is not filed in the judgment index, affects Srein, a subsequent purchaser of the Property. The Supreme Court of Pennsylvania in *Appeal of Cessna*, 10 A. 1, 7 Sadler 183 (1887) held that an improperly filed mechanic's lien could not be sustained against the property interest of creditors or purchasers who had no actual notice of the lien claim. In *Cessna*, a mortgage on the property was granted and recorded in July of 1885, and in December of 1885, a mechanic's lien was filed but never indexed in the judgment index. It was only indexed in the mechanics' lien docket. The Supreme Court stated:

> The mechanic's claim was filed December 10, 1885, and had it been indexed the lien would have continued against subsequent lien creditors. Here there is no question of the continuance of the lien against the owner of the building, or against a creditor who had notice that the claim was filed. There is no evidence that the owners of the mortgage had notice. The docket is the only thing which affects encumbrancer and purchasers.

*Cessna, supra* at 2.

Appellant argues *Cessna* is not controlling because in *Cessna* the mortgage was filed before the lien, whereas in the present case the lien was filed before the mortgage. We disagree. First, the court's statement of law that a lien improperly indexed does not continue against subsequent creditors unless they have notice is clear. Second, the appellant failed to recognize that a lien has priority over a previously filed mortgage where there is an erection or construction of an improvement. As a result, the timing for filing the mortgage and lien is not an essential element of the holding in *Cessna*, and *Cessna* applies to the present case. In fact, the

The prothonotary shall enter the claim, verdict and judgment upon the judgment index and mechanics' lien docket against the owner. When a claim, verdict or judgment is stricken, reversed or satisfied, or the name of a defendant is stricken or an action upon the claim to reduce it to judgment is discontinued, or judgment is entered thereon in favor of the defendant, a note shall be made on the judgment index.

case before us is a stronger case than *Cessna* for the proposition that a lien improperly filed is not valid against subsequent purchasers who did not have notice. In the present case, not only did appellant fail to record the lien in the judgment index, but appellant filed the lien without naming the proper owner or reputed owner of the property.

Appellant's reliance on *Irish v. Harvey & Co.*, 44 Pa. 76 (1862) for authority that a lien need not appear in both the judgment index and mechanics' lien docket is without merit. The Pennsylvania Supreme court in *Irish* allowed the lien to be valid as against the owner and contractor for services even though it was only indexed in one docket. The court made it clear that whereas the lien was still valid between the claimant and original owner, it would not be valid against a subsequent purchaser or third party not in privy to the contract for services.

Appellant also argues that Srein should be held to a constructive notice standard. Appellant asserts that Srein had constructive notice because the lien could have been found under the mechanics' lien docket which is listed by property. Appellant's argument fails in light of *Cessna, supra* and *The York Bank Appeal*, 36 Pa. 458 (1860). The Pennsylvania Supreme Court in *York* held that a party acquiring an interest in property is charged with constructive notice only where the encumbrance or lien was validly and properly entered in the judgment index. The Court stated that when the lien does not meet legal requirements or is not properly filed, the lien is not valid against a subsequent purchaser unless the subsequent purchaser had actual knowledge of the lien or encumbrance. *York, supra* at 461. Pursuant to the parties' agreement, the trial court acted as a finder of fact, heard testimony and found that Srein had no actual knowledge of Delmont's mechanic's lien prior to obtaining interest in the property. As a reviewing court we will not disturb the findings of a trial judge sitting as a trier of fact unless there is a determination that those findings are not based upon competent evidence. *2401 Pennsylvania Ave. Corp. v. Federation of Jewish Agencies of Greater Philadelphia*, 319 Pa.Super. 228, 466 A.2d 132,

*aff'd*, 507 Pa. 166, 489 A.2d 733. Upon review, Judge Lord's finding that Srein had no actual knowledge is supported by the record. Since we have determined that Delmont failed to comply with the Mechanics' Lien law and determined that Srein lacked actual knowledge of the lien, the trial court's order granting summary judgment in favor of Srein and Kenver and striking Delmont's lien as invalid was appropriate.

Order affirmed.