## Leeward Construction Inc. v. SCP 2007-C27-093 LLC

*Lee C. Krause,* for plaintiff.
*Susan P. Peipher,* for defendant.

MILLER, *J.,* September 29, 2008—This action stems from a mechanic's lien filed against defendant SCP 2007-C27-093 LLP's (SCP) property by plaintiff Leeward Construction Inc. for payment for labor and materials provided by Leeward as a subcontractor in connection with the erection and construction of a CVS Pharmacy located in Middle Smithfield Township, Monroe County.

The amount of the lien is $499,355.20 plus attorney's fees, costs, interest and expenses. Defendant has filed preliminary objections.

On December 15, 2007, plaintiff Leeward completed the work. On March 3, 2008, pursuant to 49 P.S. §1501, plaintiff sent via certified mail to defendant a notice of intention to file a mechanic's lien claim against the property. However, due to alleged insufficiencies, plaintiff sent an amended notice on April 22, 2008, in a second attempt to meet the requirements of 49 P.S. §1501. The mechanic's lien itself was filed on May 8, 2008, which was 66 days after the notice of March 3 but only 16 days after the notice of April 22.

Defendant then filed its preliminary objections requesting dismissal of the mechanic's lien claim and complaint with prejudice, on the grounds that plaintiff failed to comply with 49 P.S. §§1501 and 1503, and that it was identical to a lien claim filed concurrently against the defendant by a different plaintiff, E.R. Linde Construction Co. at no. 4301 Civil 2008. Plaintiff, in its brief in opposition to defendant's preliminary objections, argues that their claim is valid and the court should deny defendant's preliminary objections on the grounds that its March 3, 2008 notice satisfied timing requirements of section 1501(b.1) of the statute, that its April 22, 2008 notice satisfied content requirements of section 1501(c) of the statute, and that allegations that plaintiff did not comply with section 1503 form a conclusion of law that should not amount to a basis for dismissal.

We first examine whether the plaintiff properly complied with the content elements of the statute in its notice of March 3, 2008.

49 P.S. §1501(c) lists the following items which must be included: (1) the name of the party claimant; (2) the name of the person with whom he contracted; (3) the amount claimed to be due; (4) the general nature and character of the labor or materials furnished; (5) the date of completion of the work for which his claim is made, and; (6) a brief description sufficient to identify the property claimed to be subject to the lien.

Without question, plaintiff adequately accounted for (1) the name of the party claimant, (3) the amount claimed to be due, and (6) the brief description sufficient to identify the property. Plaintiff's name (Leeward Construction Inc.) is clearly listed in the heading of the notice. Plaintiff also states, "The amount still due and payable by you is $499,355.20 plus attorney's fees, costs, interest and expenses." Also, plaintiff sufficiently describes the property by stating, "your property at Middle Smithfield Township, Monroe County, Pennsylvania, Monroe County Record Book 2327, at page 1988." However, the other three elements are not so easily resolved. Defendant contends in its preliminary objections that all three are not sufficiently stated by plaintiff.

In order to ascertain whether plaintiff's efforts were sufficient to constitute notice, we must now examine the standards and precedents from case law to comprehend how the court should classify the elements of the March 3 document. Both plaintiff and defendant direct the court to language that is favorable to their argument. They therefore set in opposition two competing doctrines of mechanic's lien law: the doctrines of substantial compliance and strict construction.

The interrelation between these two competing doctrines is perhaps best explained in the case *Denlinger Inc. v. Agresta,* 714 A.2d 1048 (Pa. Super.1998). "The Mechanics' Lien Law is a creature of statute in derogation of the common law . . . ." *Id.* at 1052 (citing *Delmont Mechanical Services Inc. v. Kenver Corporation,* 450 Pa. Super. 666, 677 A.2d 1241 (1996); see also, *King's Oak Liquidators v. Bala Cynwyd Hotel Associates,* 405 Pa. Super. 250, 592 A.2d 102 (1991)); *Castle Pre-Cast Superior Walls of Delaware Inc. v. Strauss-Hammer,* 416 Pa. Super. 53, 610 A.2d 503 (1992); *Flick Construction Inc. v. Dyke,* 401 Pa. Super. 168, 584 A.2d 1033 (1991)). Therefore, any questions of interpretation should be resolved in favor of a strict, narrow construction. *Delmont, supra.* To effectuate a valid lien claim, the contractor/subcontractor must be in strict compliance with the notice requirements of the Mechanics' Lien Law. *Castle, supra.*

However, *Denlinger* also says that when the sustaining of preliminary objections will result in a denial of claim or a dismissal of suit, preliminary objections in a mechanics' lien proceeding should be sustained only in cases which are clear and free from doubt. *Id.* at 1052 (citing *Chambers v. Todd Steel Pickling Inc.,* 323 Pa. Super. 119, 470 A.2d 159 (1983)). It also recognized that while the notice and other requirements under the Mechanics' Lien Law are to be strictly construed, we must also apply the doctrine of substantial compliance to temper such strict construction. *Id.* at 1052-53 (citing *Tesauro v. Baird,* 232 Pa. Super. 185, 335 A.2d 792 (1975)).

"[A]ll the cases agree that a substantial compliance is sufficient, and this is shown to exist *wherever enough appears, on the face of the statement, to point the way*

*to successful inquiry.* Adherence to the terms of the statute is indispensable, but the rule must not be pushed into such niceties as to serve but to perplex and embarrass a remedy intended to be simple and summary, without, in fact, adding anything to the security of the parties having an interest in the building sought to be encumbered. Certainty to a common intent has, therefore, always been held to suffice." *Tesauro* at 189, 335 A.2d at 793-94. (emphasis added)

In the *Denlinger* case, the claimant identified itself, mistakenly, as both the contractor and the subcontractor in the lien claim, giving rise to the defendant's principal objection in that case. The Superior Court found that the doctrine of substantial compliance ruled, and that the document sufficiently satisfied the requirements of the statute; *i.e.,* enough appeared in the claimant's mechanic's lien claim to point the way to successful inquiry. Furthermore, plaintiff Leeward has pointed to *Giansante v. Pascuzzo,* 34 D.&C.2d 554, *aff'd per curiam,* 205 Pa. Super. 28, 206 A.2d 340 (1965), wherein the court reinforced the notion that substantial compliance was satisfactory, by saying, "The object of such information is to give the owner the necessary knowledge to enable him to determine the correctness of the claim and where the information contained in the lien is sufficient on inquiry to give him such knowledge, it is all that the law requires." *Id.* Clearly, the case law establishes that while mechanic's liens and mechanic's lien notices must be strictly constructed, the demands should not be unreasonable and should be designed to ensure that the defendants have reasonably been provided with all the information that they are entitled to.

Turning back to the instant case, defendant first contends that the March 3 notice fails to satisfy section 1501(c)(2), which requires "the name of the parties contracted with." Plaintiff, in the notice, included the phrase, "under a contractual agreement with you." Plaintiff addressed the notice to two SCP addresses and also copied the letter to "William R. Goodwin/Middlecreek Quarry." Plaintiff contends that this gives defendant sufficient notice of all interested contracting parties enough to make an inquiry into the correctness of the demand, and that this satisfies section 1501(c)(2). We agree. Defendant has not offered any evidence, or even alleged in its brief, that plaintiff's assertions of a contract are untrue; they have merely objected to the sufficiency of the form of notice. This is unpersuasive when analyzed in the context of substantial compliance.

Defendant next contends that the March 3 notice fails to satisfy section 1501(c)(4), which requires, "the general nature and character of the labor or materials furnished." Plaintiff's notice states that Leeward "has furnished labor and/or repairs in connection with the erection, construction, alteration or repair of an improvement to your property." Later, plaintiff also states "The labor and/or material furnished by the contractor consisted of construction work on your home." The *Giansante* case, *supra,* established that lump sum disclosures of the general nature and character of labor and materials furnished can be sufficient to give the owner proper notice. Citing *Currie v. Koehler,* 90 Pa. Super. 197, it stated, "there is no statutory requirement calling for a statement of the price of each article. The object of such information is to give the owner the necessary knowledge

to enable him to determine the correctness of the claim." Defendant asserts "Plaintiff still has not identified . . . the nature and character of the labor and materials furnished," but cite no cases demonstrating that such a description as the plaintiff provided is insufficient as a matter of law. Therefore, plaintiff has also satisfied section 1501(c)(4) enough to survive preliminary objections.

Defendant also contends that the March 3 notice does not meet section 1501(c)(5) in that it fails to state the date of completion of the work for which the claim is made. Here they are correct. The March 3 notice makes no mention of that element at all. Plaintiff makes a de facto admission of this by contending in their brief that their amended notice of April 22 contains the date of completion and that this amendment satisfies all of the elements of section 1501(c). The failure to include an entire element required by statute, as is the case here, does not constitute substantial compliance. We therefore find that the March 3 notice is insufficient under 49 P.S. §1501 and turn our attention to the issue of amendment.

49 P.S. §1501(b.1) states, "No claim by a subcontractor, whether for erection or construction or for alterations or repairs, shall be valid unless, at least 30 days before the same is filed, he shall have given to the owner a formal written notice of his intention to file a claim . . . ." While plaintiff's notice of March 3 was timely under this statute, it failed on its contents. Hence plaintiff relies on its amended notice of April 22, which added a date of completion of work to the previous document and thus satisfied section 1501(c). However, defendant correctly

states in its preliminary objections that the amended notice does not comply with the statute for timing because the lien itself was filed on May 8, only 16 days after April 22, but 30 days were required. Plaintiff seems to assert that it should be allowed to borrow the date of its earlier notice to apply to its later amended notice. We disagree.

Plaintiff states that a lien may be amended as to an error that is not misleading, and directs the court to the case of *Kihm-Bowen Machine Co. v. Midwest Steel & Supply Co.,* 3 D.&C. 755 (Pa.Com.Pl. 1923), wherein the court found that a crossed-out "stenographic" error was amendable. Two key discrepancies distinguish the instant case from *Kihm-Bowen,* however. First, the "amendment" that took place in *Kihm-Bowen* consisted of a word that had been crossed out and re-written. This is not the same as omission of an entire element required by statute through an oversight. Second, in *Kihm-Bowen,* the correction was made on the same document that served as the original notice. Here, the plaintiff's amendment was not served until 40 days later, and its timing at that point violated the statute. We further find persuasive *Associated Lumber and Manufacturing Company v. Mastroianni,* 173 Pa. Super. 310, 98 A.2d 52 (1953), which held "There is no authority for amendment of the served notice of intention to file a lien . . . [t]he subcontractor must give the owner a complete notice within the time specified by the Act, and requirements omitted by mistake cannot be added thereafter." As such, we find that plaintiff's notice to owners was not sufficient under 49 P.S. §1501.

Defendant also argues in its brief that plaintiff did not fulfill 49 P.S. §1503, which requires that the mechanic's lien claim itself, as opposed to the notice, include specific information.

Defendant claims that plaintiff's lien fails to identify the date of completion of the claimant's work; the name of the person with whom [the subcontractor] contracted; and a description of the improvement and of the property claimed to be subject to the lien as may be reasonably necessary to identify them. Plaintiff's response to defendant's objections that plaintiff has violated 49 P.S. §1503 is that it is a conclusion of law and is not an admission. We find this argument without merit. The lien on its face makes no attempt to satisfy 49 P.S. §1503(3), (4), or (8). Therefore, it is defective.

Defendant finally claims that its preliminary objections should be sustained because this action is identical to a lien claim filed by a different plaintiff, E.R. Linde Construction Corporation, at Monroe County docket no. 4301 Civil 2008. Defendant claims it is impossible that both Leeward and Linde could be owed the same amount for the same contract. However, plaintiff has admitted that only one contract was formed and only one claim of $499,355.30 exists. As such, we decline to acknowledge this reasoning as a cause to sustain the preliminary objections.

Conversely, the defects in the lien and in the notice discussed above are fatal to plaintiff's mechanic's lien. However, this does not leave plaintiff without a remedy. "A mechanic's lien is an extraordinary remedy, which should only be afforded to subcontractors who judi-

ciously adhere to the requirements of the Mechanic's Lien Law, as an aggrieved subcontractor also has an action sounding in breach of contract." *Philadelphia Construction Services LLC v. Domb,* 903 A.2d 1262 (Pa. Super. 2006). Plaintiff therefore has alternatives that would not rest upon a violation of the mechanic's lien statute.

Accordingly, we enter the following order.

## ORDER

And now, September 29, 2008, upon consideration of the preliminary objections of Speedwell Construction Inc. to plaintiff's mechanic's lien claim and complaint, it is ordered that the preliminary objections are sustained.