**Penstan Supply v. Traditions of America L.P.**

*Kenneth F. Carobus,* for plaintiff.
*William D. Auxer,* for defendant.

KISTLER, *J.,* January 7, 2010—Presently before this court is Traditions of America's preliminary objections to the mechanics' lien claim filed by Penstan Supply Division of Hajoca Corp. Penstan asserts a lien claim in the amount of $75,006.64 for the supply of plumbing materials. A hearing was held on December 23, 2009,

and each party filed briefs with the prothonotary. After consideration of parties' briefs and oral argument, Traditions of America's preliminary objections are sustained.

## DISCUSSION

The question before this court is whether the mechanics' lien claim filed by Penstan should be stricken and dismissed for failing to strictly conform to 49 P.S. §1503 and 49 P.S. 1306(b) of the Pennsylvania Mechanic's Lien Law. Traditions of America asserts that Penstan's mechanics' lien claim is defective for three reasons: (1) Penstan failed to name the correct owner of the property; (2) Penstan failed to provide a description of the improvement and of the property claimed to be subject to the lien as may be reasonably necessary to identify them; and (3) Penstan failed to file separate mechanics' lien claims with respect to each different unit that it allegedly supplied materials and apportioned the total claim to the several different units.

Pursuant to 49 P.S. §1505, "Any party may preliminarily object to a claim upon a showing of . . . lack of conformity with this act." Traditions of America argues, and after a review of the pertinent case law this court agrees, that Pennsylvania law requires strict compliance with the mechanics' lien law and any question of interpretation should be resolved in favor of its strict, narrow construction. *Delmont Mechanical Services Inc. v. Kenver Corp.,* 450 Pa. Super. 666, 672, 677 A.2d 1241, 1244 (1996) (citing *King's Oak Liquidators v. Bala Cynwyd Hotel Associates,* 405 Pa Super. 250, 592 A.2d 102 (1991)).

"In order to effectuate a valid lien claim, the contractor or subcontractor must be in strict compliance with the requirements of the Mechanics' Lien Law." *Id.* (citing *Castle Pre-Cast Superior Walls of Delaware Inc. v. Strauss-Hammer,* 416 Pa. Super. 53, 610 A.2d 503 (1992)).

### 1. Penstan Failed To Name the Correct Owner As Required Under Section 1503 of the Pennsylvania State Mechanics' Lien Act

Traditions of America's first preliminary objection alleges that Penstan failed to name the correct owner of the property. Traditions of America asks this court to take judicial notice that TOA PA IV L.P. is the record owner of the real estate known as Traditions of America at Liberty Hill in Harris Township and there is no reason to hold Traditions of America as the reputed owner. Penstan argues that the court is precluded from taking judicial notice of this because the document provided by Traditions of America is blurry and illegible. Traditions of America asserts that the document was attached merely to show that the information is readily accessible at the Centre County Government Recorder of Deeds website.

Pa.R.E. 201(b) states, "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." This court determines that the Centre County Government Recorder of Deeds web-

site qualifies as a source for judicial notice. Therefore this court will take judicial notice of the fact that TOA PA IV L.P. is the record owner of the real estate known as Traditions of America at Liberty Hill in Harris Township.

Traditions of America's preliminary objection alleging that Penstan failed to name the correct owner of the property is sustained.

### 2. Penstan Failed To Provide a Description of the Improvement and of the Property As Required Under Section 1503 of the Pennsylvania State Mechanics' Lien Law

Section 1503 of the Pennsylvania State Mechanics' Lien Law requires the lien claim to state, in part, "such description of the improvement and of the property claimed to be subject to the lien as may be reasonably necessary to identify them." Traditions of America asserts that the improvement is adequately described in paragraph one (of the mechanics' lien claim) as "erection, construction, alteration and repair." Penstan also provided a list of the invoices attached to the claim. Traditions of America argued at the hearing that Penstan had conducted work on multiple structures on the property and therefore had no way of ascertaining, based on the description provided by Penstan, which materials were used for which structures or which improvements were made for each structure. This court agrees and sustains Traditions of America's preliminary objection alleging that Penstan failed to provide a description of the improvement and of the property.

### 3. Penstan Failed To File Separate Mechanics' Lien Claims As Required Under Section 1306(b) of the Pennsylvania Mechanics' Law

49 P.S. 1306(b) states, "Where a debt is incurred for labor or materials furnished by the same claimant for work upon several different improvements which do not form all or part of a single business or residential plant, the claimant shall file separate claims with respect to each such improvement . . . ." Traditions of America argues that the single mechanics' lien claim filed by Penstan violates this section of Pennsylvania Mechanics' Law. Penstan argues that it merely shipped goods to the job site and had no way of knowing how the goods were used.

This court however would note that the Mechanics' Lien Claim states that Pennstan provided labor, as well as materials, to the properties. The court determines that 39 P.S. 1306(b) does not provide an exception which encompasses Penstan's argument. Therefore, this court finds that Penstan's argument is without merit and was statutorily required to file separate mechanics' lien claims. Traditions of America's preliminary objection for failing to file separate mechanics' lien claims is sustained.

### ORDER

And now, January 7, 2010, Traditions of America's preliminary objections to Penstan's mechanics' lien claim are hereby sustained.