470 A.2d 159

**George CHAMBERS, Appellant,**

v.

**TODD STEEL PICKLING, INC. and the Estate of Robert Berger.**

Superior Court of Pennsylvania.

Argued Sept. 6, 1983.

Filed Dec. 16, 1983.

120

Fern B. Caplan, Philadelphia, for appellant.

Allan David Windt, Philadelphia, for appellee.

Before ROWLEY, POPOVICH and MONTGOMERY, JJ.

POPOVICH, Judge:

This is an appeal from the order of the court below sustaining the preliminary objections of appellee, Todd Steel Pickling, Inc., (hereinafter referred to as Todd Steel) and dismissing the mechanics' lien claim filed by appellant, George Chambers. We reverse.

Appellant sought to impose a lien on property belonging to Todd Steel, based on improvements made to that property between March, 1980, and October, 1981, at the request of Robert Berger, deceased, the *sole stockholder* and president of Todd Steel. The property had been purchased by

Todd Steel in March, 1980, and then leased by Todd Steel to Robert Berger.

Todd Steel filed preliminary objections to appellant's mechanics' lien claim.[1] On June 23, 1982, the trial court issued the following memorandum opinion and order:

The Court finds that the Preliminary Objections of defendant Todd Steel Pickling, Inc. pursuant to 49 P.S. § 1505 raise the following issues of fact concerning exemption or immunity of property from lien under the provisions of 49 P.S. § 1303(d):

1. Whether defendant Todd Steel Pickling, Inc. leased the subject property to Robert Berger;

2. Whether Robert Berger acted in the capacity of defendant's lessee when he contracted with plaintiff George Chambers;

3. Whether the requirement of a written statement by the owner that the improvements were made for the owner's use and benefit is applicable and necessary in this matter; and

---

1. "Claim" is distinguished from "action" in Rule 1651 of the Pennsylvania Rules of Civil Procedure, which provides:

**Rule 1651. Definitions. Conformity to Assumpsit**
(a) As used in this chapter
"claim" means a mechanics' lien claim which has been filed;
"action" means an action to obtain judgment upon a claim.
(b) Except as otherwise provided in this chapter, the procedure to obtain judgment upon a claim shall be in accordance with the rules relating to the action of assumpsit.

The note following Rule 1651 explains that the procedure governing the filing of a claim is governed by 49 P.S. § 1101 *et seq,* while the rules relate to the procedure between the filing of the lien and reduction of the claim to judgment. In the instant case, preliminary objections to the mechanics' lien claim were filed pursuant to 49 P.S. § 1505, which provides:

**§ 1505. Procedure for contesting claim; preliminary objections**
Any party may preliminarily object to a claim upon a showing of exemption or immunity of the property from lien, or for lack of conformity with this act. The court shall determine all preliminary objections. If an issue of fact is raised in such objections, the court may take evidence by deposition or otherwise. If the filing of an amended claim is allowed, the court shall fix the time within which it shall be filed. Failure to file an objection preliminary shall not constitute a waiver of the right to raise the same as a defense in subsequent proceedings.

4. Whether defendant Todd Steel Pickling, Inc. signed such written statement.

## ORDER

AND NOW, therefore, this 23rd day of June, 1982, it is ORDERED and DECREED that the parties take depositions concerning the issues of fact raised by defendant's Preliminary Objections.

Depositions were taken and, following the submission of briefs to the trial court, the court issued an order sustaining the preliminary objections and dismissing the mechanics' lien. The court below found that appellant had never contracted with Todd Steel directly or through Mr. Berger as a corporate agent. The latter finding was based on an analysis of the agency principle of apparent authority. Because Mr. Berger never mentioned to appellant that Todd Steel owned the property, and because appellant initially believed that Mr. Berger owned the property, appellant could not have justifiedly relied on any representations by Todd Steel that Mr. Berger was acting in the capacity of agent.

Todd Steel was held protected by the Mechanics' Lien Law of 1963,[2] because it did not sign a statement indicating that the improvements contracted for were for the immediate use and benefit of Todd Steel. The law provides in pertinent part as follows:

1303. Lien not allowed in certain cases. (d) Leasehold premises. No lien shall be allowed against the estate of an owner in fee by reason of any consent given by such owner to a tenant to improve the leased premises unless it shall appear in writing signed by such owner that the erection, construction, alteration or repair was in fact for the immediate use and benefit of the owner.

49 P.S. § 1303(d).

With regard to the above statute the trial court stated:

2. 49 P.S. 1101 *et seq.*

> A Mechanics' Lien, as a purely statutory creation, is available only on such terms as the legislature saw fit to provide. Without a contract between plaintiff and defendant as its basis, the lien is invalid. *Murray v. Zemon* [402 Pa. 354], 167 A.2d 253, at 255 (1963). Plaintiff has failed to comply with the statutory requirements; defendant's preliminary objections must therefore be sustained.

Lower Court Opinion at p. 5.

■ For purposes of our standard of review, an order sustaining preliminary objections to a mechanics' lien claim because of a showing of exemption or immunity of property from the Mechanics' Lien Law, is analogous to an order sustaining preliminary objections to a complaint in assumpsit.[3]

> [W]hen the sustaining of preliminary objections will result in a denial of claim, or a dismissal of suit, preliminary objections should be sustained only in cases which are clear and free from doubt. *Conrad v. City of Pittsburgh*, 421 Pa. 492, 218 A.2d 906 (1966); *Baker v. Brennan*, 419 Pa. 222, 213 A.2d 362 (1965); *Schrader v. Heath* [408 Pa. 79, 182 A.2d 696], *supra.*

*Legman v. School District*, 432 Pa. 342, 345, 247 A.2d 566, 569 (1968).

Appellant argues that Mr. Berger was the alter ego of Todd Steel and acted at all times relevant to the case at bar as its corporate agent. Furthermore, appellant asserts that Mr. Berger negligently failed to correct the misconception of appellant that Mr. Berger was the owner of the realty in question. Appellant contends that Mr. Berger induced his

---

**3.** Preliminary objections in assumpsit actions are governed by Pa.R. C.P. 1028, which provides in pertinent part:

 **Rule 1028. Preliminary Objections**

 * * * * * *

 (c) A party may file an amended pleading as of course within ten (10) days after service of a copy of preliminary objections. The court shall determine promptly all preliminary objections. If an issue of fact is raised, the court shall take evidence by depositions or otherwise.

reliance on the fact of ownership by ordering and supervising work done to personal specifications and by authorizing payment on that work by both personal checks and checks of other companies owned by Mr. Berger. Appellant concludes that because he was justified in his reliance upon the apparent ownership of the property by Mr. Berger, there was no necessity for the writing called for in 49 P.S. § 1303(d).

In sustaining appellee's preliminary objections, the court below relied on *Murray v. Zemon*, 402 Pa. 354, 167 A.2d 253 (1960). In *Murray*, the contractor made improvements to a property pursuant to a written contract with the tenant. The owners were not parties to the contract, and its terms disclosed that the contractor was relying solely on the credit of the tenant. However, the contract was entered into with the knowledge and oral consent of the owners, and they had previously agreed to help obtain the money necessary to pay for the repairs. The Supreme Court held that because no contractual relationship existed between the contractor and the owners, the lower court had not erred in granting a motion to strike off a lien on the property. The Court rejected an estoppel argument raised by the appellant. The Court stated:

Nor are we prompted to sustain the validity of the claim because of appellant's argument that the owners are now estopped to raise the question. The contractor knew who the record owners of the property were. With this knowledge, he contracted in writing with the tenant for payment. No facts were withheld nor any attempt made to mislead. No promise was ever made by the owners to pay for the cost of the improvement. Under such circumstances, estoppel does not lie. As pointed out in *Seelar v. East End M. & T. Co.*, supra, if the contractor desired to subject the estate of the owner to such a lien, it was his duty to inquire into the nature of the consent given, if any. His failure to do so is his fault alone. When consent, of the type required by statute as

a prerequisite to such a lien, is lacking, no such lien may successfully be asserted.

*Id.*, 402 Pa. at 360–61, 167 A.2d at 256, 257.

In the instant case, appellant indicated that until July, 1981, he did not know that Todd Steel owned the property. According to appellant, Mr. Berger never mentioned Todd Steel when the agreement was entered into. (Deposition of George Chambers, pp. 11, 63–64). Appellant testified that on the various jobs he had done for Mr. Berger, he had been paid by personal checks and checks issued by Berger Steel and Universal Metal Stamping, corporations owned by Mr. Berger. In describing the circumstances leading up to the agreement at issue, appellant stated that Mr. Berger had discussed that he was always looking for a gentleman's farm and that he had found one for appellant to remodel. According to appellant, Mr. Berger began living in the house full time about three months after the job started. (Deposition of George Chambers, p. 66). Before that, "they were bringing furniture in and sleeping over in sleeping bags.... They would bring the kids over for the weekend." (Deposition of George Chambers, p. 65). Appellant stated further that he thought for some time that Universal Metal Stamping owned the house because he and his crew were put on the payroll of Universal Metal Stamping when Mr. Berger could not keep up with his bills. (Deposition of George Chambers, pp. 29, 42). Several applications for building permits and supply orders list either Todd Steel or Robert Berger as owner of the property.

Doris O'Neill, *the only officer and board member of Todd Steel and Universal Metal Stamping other than Mr. Berger,* handled the books and records for these corporations and also handled Mr. Berger's personal account. (Deposition of Doris O'Neill, pp. 9, 12). Mrs. O'Neill testified that Todd Steel never made any agreement with or payments to appellant. (Deposition of Doris O'Neill, p. 9). However, Mrs. O'Neill stated that Todd Steel issued two checks totaling $6,000 for work done on the property, that Berger Steel paid for some of the work, and that Universal

Metal Stamping had issued checks for work done and materials used. (Deposition of Doris O'Neill, pp. 36, 37). Mrs. O'Neill also stated that Mr. Berger "put purchase orders in one of the companies' names in order to obtain the discounts." (Deposition of Doris O'Neill, p. 49).

It has been held that, "while an owner may consent to his tenant's improvement of the property, without assuming any liability for the work done, *provided he acts in good faith throughout*, he cannot escape such liability if he knows of the tenant's intention to make a contract 'acting as if he were the owner' ...." (Emphasis added). *Fluke v. Lang*, 283 Pa. 54, 57, 128 A. 663, 664 (1925). In *Fluke v. Lang, supra*, the Court was interpreting Section 2 of the Mechanics' Lien Act of 1901, replaced by 49 P.S. § 1303(d), in conjunction with Section 4 of the 1901 Act, which was omitted from the Mechanics' Lien Law of 1963. Section 4 of the Mechanics' Lien Act of 1901 provided:

> Any owner, not being a committee, guardian or trustee, as aforesaid, who shall knowingly suffer or permit any person, acting as if he were the owner, to make a contract for which a claim could be filed, without objecting thereto at the time, shall be treated as ratifying the act of such person acting as if he were the owner, and the claim may be filed against the real owner, with the same effect if he himself had made the contract. Ratification shall also be presumed, and like subjection to lien shall follow, if the owner, not being a committee, guardian or trustee, as aforesaid, subsequently learning of such contract or of work being done upon his property, shall not, within ten days thereafter, repudiate the same, either by notice to the contractor and subcontractors or by posting such repudiation on the most public part of the structure or other improvement.

According to the explanatory comments of the Joint State Government Commission, the above section does not appear in the Mechanics' Lien Law of 1963 because it was omitted

as unnecessary. Despite the fact that Section 4 of the Act of 1901 is not found in the present statute, we find the interpretation given Section 2 of that Act persuasive in interpreting the nearly identical language of 49 P.S. § 1303(d). The deposition testimony submitted to the court below raises a serious question concerning the good faith of Todd Steel throughout the instant transaction.

 As indicated by the Supreme Court in *Murray, supra,* which interpreted Section 2 of the Act of 1901, an estoppel theory may be sustained in certain situations. In *Murray,* estoppel did not lie because the contractor was under a duty to inquire into the nature of the consent given by the owner to the tenant with regard to the improvements made to the property. *Murray, supra* 402 Pa. at 361, 167 A.2d at 257. The Supreme Court held that estoppel would not lie against the property owner because the contractor, knowing who the record owners were, contracted in writing with the tenant for payment. We are mindful of the fact that the law requires strict compliance with statutes governing the right to assert a lien against real estate. *Murray, supra,* 402 Pa. at 358, 167 A.2d at 255. However, where the president and *sole* stockholder of the corporate owner of the property leads a contractor to believe that he is the actual property owner, we believe that the duty to inquire announced in *Murray* cannot be imposed.

In *Ashley v. Ashley,* 482 Pa. 228, 393 A.2d 637 (1978), the Supreme Court pierced the corporate veil because the owner of the corporation, Joseph Ashley, had co-mingled his personal interests with that of the corporation. Significant to the Court was the individual's reply to the question of how long he had lived in the house owned by the corporation. Mr. Ashley responded, *"I bought that home,* we bought that home in 1970 ...." (Emphasis in original) *Id.,* 482 Pa. at 237–38, 393 A.2d at 641. We find the following language from *Ashley v. Ashley, supra,* particularly relevant to the instant case:

This legal fiction of a separate corporate entity was designed to serve convenience and justice, *Great Oak Building and Lóan Assoc. v. Rosenheim*, 341 Pa. 132, 19 A.2d 95 (1941), and will be disregarded whenever justice or public policy demand and when the rights of innocent parties are not prejudiced nor the theory of the corporate entity rendered useless. *Gagnon v. Speback*, 389 Pa. 17, 131 A.2d 619 (1957). We have said that whenever one in control of a corporation uses that control, or uses the corporate assets, to further his or her own personal interests, the fiction of the separate corporate identity may properly be disregarded. *Watercolor Group, Inc. v. Newbauer, Inc.*, 468 Pa. 103, 360 A.2d 200 (1976).

*Id.* 482 Pa. at 237, 393 A.2d at 641.

 In the instant case, the evidence suggests that Mr. Berger contracted for improvements to property which he knew belonged to a corporation he owned, Todd Steel, and which would accrue to the immediate use and benefit of both Mr. Berger, as an individual, and Todd Steel. Despite the fact that a mechanics' lien claim is purely the creation of statute, *Murray, supra*, it is clear from the cases interpreting the Mechanics' Lien Law that estoppel may lie where facts have been withheld, and where a property owner has not acted in good faith throughout the transaction. The record in this case reveals that Todd Steel may be estopped from seeking the protection of § 1303(d) of the Mechanics' Lien Law.

 However, as in cases where summary judgment has issued after preliminary objections have been sustained, our scope of review is narrowed to the question of whether the lower court's disposition of the case was proper. *Dutch Pantry v. Shaffer*, 396 Pa. 102, 151 A.2d 621 (1959). Therefore, we do not hold as a matter of law that estoppel should lie against Todd Steel. Nevertheless, the evidence submitted to the court below shows that this case is far from being clear and free from doubt. The fact that the property owner did not sign the writing required by 49 P.S. § 1303(d) does not necessarily mean that the property is exempt or immune from lien. Accordingly, the order of the lower court is reversed.