## Kelly v. Hannan

*Mary Baloh,* for plaintiffs.
*Joseph R. Rygiel,* for defendants.

SOLOMON, *J.,* November 4, 1988—Before the court are the preliminary objections of Charles J. Hannan and Nancy L. Hannan, legal title holders/ owners to the mechanics' lien filed against them by Marion D. Kelly t/d/b/a Kelly Building Company. An evidentiary hearing was held on November 1, 1988.

### FINDINGS OF FACT

(1) Kelly Building Company entered into a contract, dated April 28, 1986, with Alan Thompson and Terri Thompson, son-in-law and daughter of Charles J. Hannan and Nancy L. Hannan, for the construction of a dwelling house on premises known as R.D. 1, Smithfield, Pennsylvania.

(2) At the time the contract was entered into, Charles J. Hannan and Nancy L. Hannan were the owners of the subject premises.

(3) Construction commenced under the contract on May 12, 1986.

(4) In August 1986, a surveying team appeared and surveyed the premises.

(5) At the time the contract was entered into, Marion D. Kelly knew that the Hannans were the owners of the premises in question.

(6) After construction began, and as late as August 1, 1986, Marion D. Kelly knew that the Hannans were the owners of the premises in question.

(7) In January 1986, owners leased the premises in question to Alan Thompson and Terri Thompson.

(8) The lease was never made known to Marion D. Kelly.

## DISCUSSION

The section of the Mechanics' Lien Law of 1963 governing preliminary objections is set forth in 49 P.S. §1505 and provides:

"Procedure for contesting claim; preliminary objections—

"Any party may preliminarily object to a claim upon a showing of exemption or immunity of the property from lien, or for lack of conformity with this act. The court shall determine all preliminary objections. If an issue of fact is raised in such objections, the court may take evidence by deposition or otherwise."

Under section 1505, the court may make a determination of the case on preliminary objections, even where issues of fact are raised therein. Pursuant to section 1505, an evidentiary hearing was held since an issue of fact was raised by the preliminary objections, i.e., was the improvement to leased premises without the necessary written indication from the owners that the construction was for their immediate use and benefit? From the briefs filed by the parties, and from the testimony presented, an-

other issue emerged, i.e., whether the owners were estopped to raise the question of 49 P.S. §1303 (d).

The Mechanics' Lien Law of 1963 at section 1303 (d) provides:

"(d) *Leasehold Premises*—No lien shall be allowed against the estate of an owner in fee by reason of any consent given by such owner to a tenant to improve the leased premises unless it shall appear in writing signed by such owner that the erection, construction, alteration or repair was in fact for the immediate use and benefit of the owner." 49 P.S. §1303(d).

The construction contract for the dwelling home involved herein was entered into between contractor and Alan Thompson and Terri Thompson. By its express terms, it manifests that the Thompsons were the persons agreeing to pay the contract price. There was never a contractual relationship between the contractor and the owners whereby they agreed to pay for said construction, or any portion thereof. No promise, by the owners, to pay is asserted. The fact that owners had knowledge of and may have even consented to the construction is not in itself sufficient. *Murray v. Zemon,* 402 Pa. 354, 167 A.2d 253 (1960).

"In order for the claim to be valid against the estate of the owner, where he is not a party to the contract, his consent must appear in the form of a written statement, signed by him, and which shall also state that the improvement is made for his immediate use and benefit." *Murray, supra.* It is conceded by all parties to this matter that no such written statement was ever made and executed by the owners, Charles J. Hannan and Nancy L. Hannan. Thus, under section 1303(d) there can be no valid mechanics' lien claim against the owners. The contractor can only prevail if the owners are now

estopped from seeking the protection of section 1303(d) of the Mechanics' Lien Law.

It is clear that estoppel may lie where facts have been withheld, even where the property owner did not sign the writing required by 49 P.S. §1303(d). *Chambers v. Todd Steel Pickling Inc.*, 323 Pa. Super. 119, 470 A.2d 159 (1983). In those situations where the contractor is led to believe that the person he is contracting with is the *actual* property owner, estoppel may lie. *Chambers, supra.* (emphasis supplied)

Here, the contractor testified that the Thompsons and Charles J. Hannan told him that the property on which the home was to be constructed was "going" to be given to the Thompsons by the owners. That was the contractor's understanding before and after the contract was entered into on April 28, 1986. Further, when the surveyor appeared, which was well after construction had begun, the contractor testified that the indication from Charles J. Hannan was that he was "about" to give the property to the Thompsons. This testimony was supported by the son of the contractor.

Thus, the contractor knew who the record owners of the property were at the time of the contract. With this knowledge, he contracted, in writing, with the tenants for payment. The owners were not a party to the contract and no promise was ever made by the owners to pay for the cost, or any portion thereof, of construction. "Under such circumstances, estoppel does not lie." *Murray, supra.*

The law requires a strict compliance with statutes, such as the Mechanics' Lien Law, governing the right to assert a lien against real estate. *Murray, supra; Chambers, supra.* Where, as here, a contrac-

tor knows that the person with whom he is contracting is not the record owner, there is a duty upon the contractor to inquire into the nature of the consent given, if any, if he desires to subject the estate of the owner to a lien. *Murray, supra; Chambers, supra.* Kelly Building Company knew that Charles J. Hannan and Nancy L. Hannan were the owners of the property, and, knowing this, contracted in writing with the Thompsons for payment. His failure to inquire further is his fault alone. "When consent of the type required by statute as a prerequisite to such a lien, is lacking, no such lien may be successfully asserted," (*Murray, supra*) and the owners are not estopped to raise the question. *Murray, supra; Chambers, supra.*

The contractor points out the family relationship between the Thompsons and the owners. This fact is not alone determinative of any legal relationship. *Sidle v. Kaufman,* 345 Pa. 549, 29 A.2d 77 (1942). In the instant case, the court is presented with little more than a family relationship, and, from the testimony, the contractor did not rely on the owners for payment when the contract with the Thompsons was entered into.

Consistent with this opinion, the court will enter an order sustaining the preliminary objections of the owners.

## ORDER

And now, November 4, 1988, after evidentiary hearing and inquiry into the facts, the preliminary objections of Charles J. Hannan and Nancy L. Hannan to the mechanics' lien filed at the above-captioned number are sustained.