636 A.2d 1126

**KEY AUTOMOTIVE EQUIPMENT SPECIALISTS, INC., Appellant,**

v.

**Robert M. ABERNETHY and Marie M. Abernethy and Abernethy Auto Body, Inc.**

Superior Court of Pennsylvania.

Submitted Nov. 15, 1993.

Filed Jan. 24, 1994.

Edward R. Dougherty, Havertown, for appellant.

John T. Nicholson, Kenneth Square, for appellees.

Before CAVANAUGH, CIRILLO and MONTGOMERY, JJ.

CIRILLO, Judge:

Key Automotive Equipment Specialists, Inc. (Key) appeals from an order entered in the Court of Common Pleas of Chester County, reconsidering and then granting Appellees', Robert Abernethy and Marie Abernethy (the Abernethys), preliminary objections. We affirm.

On December 4, 1990, Key entered into a contract (the Agreement) with Abernethy Autobody, Inc. (Autobody) to design and install a spray paint booth on Autobody's premises (Subject Building). The Subject Building is owned by the Abernethys and leased to Autobody. On November 3, 1991, Key completed the contracted work and was paid $63,000.00.[1] This payment allegedly left an outstanding balance of $12,-925.00. On March 2, 1992, Key filed a mechanics' lien for the unpaid balance against the Abernethys and Autobody.[2] On July 15, 1992, Key filed a complaint on the lien, which was voluntarily amended on August 13, 1992.

On September 16, 1992, the Abernethys filed preliminary objections to Key's mechanics' lien claim, alleging that the lien was defective as to them individually, because Key failed to comply with the notice requirements of the Mechanics' Lien Act (the Act). 49 Pa.S.A. § 1101 *et seq.* Section 1303(d) of the Act states:

Leasehold Premises: **No lien** shall be allowed against the estate of an owner in fee by reason of any consent given by such owner to a tenant to improve the leased premises unless it shall appear **in writing signed by such owner** that the erection, construction, alteration or repair was in fact for the immediate use and benefit of the owner.

49 Pa.S.A. § 1303(d) (emphasis added).

On December 17, 1992, the trial court overruled the Abernethys' preliminary objections. The trial court held that the

1. The $63,000.00 was received in three payments of $7,500.00, $10,-000.00, and $45,500.00. These payments were made on December 4, 1990, December 17, 1990, and May 9, 1991, respectively.

2. The Abernethys are the sole shareholders of Autobody and serve as its President and Secretary.

Abernethys were estopped from seeking the protection of the notice requirement, because the court found that the Abernethys made the $63,000.00 payment with a personal check, rather than with a corporate check.[3] The trial court reasoned that in paying Key with their personal funds, the Abernethys ratified the Agreement and rendered the section 1303(d) written notice requirement inapplicable.

Subsequently, Key filed a discovery request seeking, *inter alia,* copies of Autobody's and the Abernethys' tax returns. In response, the Abernethys filed a motion for a protective order, which was granted following oral argument. During the oral argument, the question of the contested payment was revisited and Key, consequently, presented copies of the cancelled checks to the trial court. Upon an examination of the checks, the trial court determined that the checks came from Autobody's corporate account and not from the Abernethys' personal funds.

Following this revelation, on June 25, 1993, the trial court *sua sponte* reversed its original determination and granted the Abernethys' preliminary objections. In so ruling, the trial court found that the Abernethys had not ratified the Agreement and that, therefore, Key failed to obtain written notice of waiver as required by section 1303(d). This appeal followed.

Key presents the following issues for our review:

1) Whether the trial court committed reversible error in *sua sponte* reconsidering the preliminary objections which were no longer pending before the court?

2) Whether the Abernethys were estopped from seeking the protection of the "written notice" requirement of section 1303(d) of the Mechanics' Lien Act?[4]

**3.** The trial court based its understanding that the Abernethys paid Key with a personal check, solely on representations made by Key in its complaint and in its brief in opposition to the Abernethys' preliminary objections.

**4.** Although in its brief to this court Key presents this issue in two parts, for the sake of brevity and uniformity of resolution, we have condensed it into one more generalized issue.

■ Key's first argument is that the trial court erred in reconsidering its order to deny the Abernethys' preliminary objections. Specifically, Key alleges that the trial court was without power to *sua sponte* reverse its previous order, outside the statutory 30 day time period. *See* 42 Pa.C.S.A. § 5505.[5]

■ It is well settled that a trial court has the inherent power to reconsider its own rulings. *Hutchison by Hutchison v. Luddy,* 417 Pa.Super. 93, 107, 611 A.2d 1280, 1288 (1992). The statute which limits the time for reconsideration of orders to 30 days is applicable only to final orders. *Id.* (citing *Daywalt v. Montgomery Hospital,* 393 Pa.Super. 118, 573 A.2d 1116 (1990)); 42 Pa.C.S.A. § 5505. When considering an interlocutory order, however, the trial court is not bound by the 30 day limitation. *Id.* An order is interlocutory and not final if it does not effectively place the litigant out of court or otherwise end the lawsuit. *Commonwealth v. VanBuskirk,* 303 Pa.Super. 148, 149, 449 A.2d 621, 622 (1982).

Presently, we find that the trial court's original order, denying the Abernethys' preliminary objections, was interlocutory. It did not place a litigant out of court or end the lawsuit; it simply denied the Abernethys the protection of the Mechanics' Lien Act. Accordingly, the trial court properly exercised its discretion in *sua sponte* reconsidering the order beyond the 30 day period.

■ Key's second argument is that the trial court erred in granting the Abernethys' preliminary objections. Key alleges, that despite the absence of "written notice" as required by section 1303(d), the Abernethys were nonetheless estopped from seeking the protection of the Mechanics' Lien Act. In making this argument, Key relies primarily on *Murray v. Zemon,* 402 Pa. 354, 167 A.2d 253 (1960) and *Chambers v.*

5. Section 5505 states:
   Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed.

*Todd Steel Pickling, Inc.,* 323 Pa.Super. 119, 470 A.2d 159 (1983).

In *Murray,* a contractor made renovations to a building pursuant to a written contract with the building's tenant. The contractor knew who owned the building. The owners were not parties to the contract and its terms clearly disclosed that the contractor relied solely on the credit of the tenant. The contract, however, was entered into with the knowledge of the owners, who had previously agreed to help obtain the money necessary for the repairs. Significantly, the contractor never obtained a section 1303(d) written waiver from the building's owners.

Subsequently, a dispute arose between the contractor and the tenant concerning payment for the work completed. The dispute culminated in the contractor filing a mechanics' lien against both the tenant and the owners. The owners protested, asserting that as the contractor failed to obtain a written waiver, the Mechanics' Lien Act insulated them from liability. The contractor, in turn, claimed that the owners were estopped from seeking the protection of the Act. The Pennsylvania Supreme Court disagreed. The Court stated:

> Nor are we prompted to sustain the validity of the claim because of appellant's argument that the owners are now estopped to raise the question. The contractor knew who the record owners of the property were. With this knowledge, he contracted in writing with the tenant for payment. No facts were withheld nor any attempt made to mislead. No promise was ever made by the owners to pay for the cost of the improvement. Under such circumstances, estoppel does not lie.... [I]f the contractor desired to subject the estate of the owner to such a lien, it was his duty to inquire into the nature of the consent given, if any. His failure to do so is his fault alone. When consent, requisite to such a lien, is lacking, no such lien may be successfully asserted.

*Murray,* 402 Pa. at 360–61, 167 A.2d at 256–57. Thus, the Court determined that unless "facts were withheld" or there

was "an attempt to mislead," an owner is not estopped from seeking the protection of the Mechanics' Lien Act.

Subsequently, in *Chambers*, we had the opportunity to further explore the issues set forth in *Murray*. In *Chambers*, Robert Berger, the president and sole stockholder of Todd Steel Pickling, Inc. (Todd Steel), entered into a construction contract with George Chambers to build a residential home on property leased to Berger by Todd Steel. In negotiating this agreement, Berger led Chambers to believe that he was the actual owner of the property [6] and, therefore, did not disclose that the property was leased to him by the owner, Todd Steel. Chambers did not obtain a written waiver from Todd Steel as required under section 1303(d).

After Berger failed to make certain payments, Chambers filed a mechanics' lien against both Berger and Todd Steel. Todd Steel filed preliminary objections, seeking the protection of the Mechanics' Lien Act. The trial court agreed, holding that as Chambers failed to obtain a section 1303(d) written waiver from Todd Steel, Chambers could not seek to recover from Todd Steel. Chambers appealed to the Superior Court.

On appeal, Chambers asserted that because Berger had misled him and induced his reliance as to the ownership of the property, "there was no necessity for the writing called for in 49 Pa.C.S.A. § 1303(d)." *Id.*, 323 Pa.Super. at 124–25, 470 A.2d at 162. We agreed. In finding that Todd Steel was estopped from seeking the protection of the Act, we were ever mindful of a contractor's duty to inquire into the nature of the consent given by the actual owner of the property. *Murray, supra*. We held, however, that such duty cannot be imposed, "where the president and sole stockholder of the corporate owner of the property leads a contractor to believe that he is the actual property owner . . . ." *Id.*, 323 Pa.Super. at 128, 470

**6.** Evidence presented before the trial court indicated that: 1) Berger never mentioned Todd Steel during contract negotiations; 2) Berger made payments by either personal checks or by checks from other companies owned by him; 3) Berger told Chambers that the house was to be built for his use as a "gentleman's farm;" and 4) Berger's children slept in the house on the weekends, while construction proceeded.

A.2d at 163–64.  Thus, we found that estoppel may lie against the true owner of property, despite the absence of the written notice requirement of section 1303(d), where facts have been withheld and where the property owner did not act in good faith throughout the transaction.  *Id.*, 323 Pa.Super. at 129, 470 A.2d at 164.

■  In the case at hand, therefore, our task is to determine whether the trial court properly sustained the Abernethys' preliminary objections;  that is, whether in the course of negotiating the agreement, the Abernethys withheld facts as to the ownership of the Subject Building or otherwise did not act in good faith throughout the transaction.  Our standard of review in such cases is well settled.  When sustaining preliminary objections results in the denial of a claim or the dismissal of a suit in a mechanics' lien action, the objections should only be sustained when the case is **clear** and **doubtless**.  *Guistra Development Co, Inc. v. Lee,* 428 Pa.Super. 394, 631 A.2d 199 (1993);  *Castle Pre–Cast v. Strauss–Hammer,* 416 Pa.Super. 53, 610 A.2d 503 (1992);  *Chambers, supra.*

Upon a thorough review of the record, we find Key's claim to be without merit, as it is "clear" and "doubtless" that the Abernethys acted in good faith in their dealings with Key. Throughout contract negotiations Key was fully aware that the Abernethys, and not Autobody, owned the Subject Building.  Further, the Agreement expressly stated that it was between Key and Autobody and in no way included the Abernethys personally.  Although the Abernethys, as sole stockholders and officers of Autobody, would indirectly benefit from the Agreement, Key presented no evidence which indicates that the Abernethys were using the Agreement solely to further their personal interests.  Finally, all payments under the Agreement were made by Autobody from its corporate account, and not from the Abernethys' personal account.  Because we find that Key failed to obtain "written notice" from the Abernethys as required by section 1303(d) of the Mechanic's Lien Act and that Key failed to make the required

showing justifying estoppel, we affirm trial court's order sustaining the Abernethys' preliminary objections.

Order affirmed.