[This is an entirely new rule.]

**Rule 1.99.    Confidential Information and Confidential Documents.  Certification**

Unless public access is otherwise constrained by applicable authority, any attorney, or any party if unrepresented, who files a legal paper pursuant to these rules with the clerk shall comply with the requirements of Sections 7.0 and 8.0 of the *Public Access Policy of the Unified Judicial System of Pennsylvania:  Case Records of the Appellate and Trial Courts* (Policy) including a certification of compliance with the Policy and, as necessary, a Confidential Information Form, unless otherwise specified by rule or order of court, or a Confidential Document Form, in accordance with the Policy.

> **Note:**  Applicable authority includes but is not limited to statute, procedural rule, or court order.  The *Public Access Policy of the Unified Judicial System of Pennsylvania:  Case Records of the Appellate and Trial Courts* (Policy) can be found on the website of the Supreme Court of Pennsylvania at http://www.pacourts.us/public-records.  Sections 7.0(D) and 8.0(D) of the Policy provide that the certification shall be in substantially the following form:
>
> > I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.
>
> The Confidential Information Form and the Confidential Document Form can be found at http://www.pacourts.us/public-records.  In lieu of the Confidential Information Form, Section 7.0(C) of the Policy provides for a court to adopt a rule or order permitting the filing of a document in two versions, a "Redacted Version" and an "Unredacted Version."

**Rule 2.1. Form of Account**

…

>   **Note:** Rule 2.1 is substantively similar to former Rule 6.1 and Rule 12.15, except that certain subparagraphs have been reordered and Rule 12.15 and its Official Note have become subparagraph (d).

>   **The filings required by this rule are subject to the *Public Access Policy of the Unified Judicial System of Pennsylvania:  Case Records of the Appellate and Trial Courts*.  *See* Rule 1.99.**

>   **Explanatory Comment:** Piggy-backed Accounts and limited Accounts are permitted pursuant to 20 Pa.C.S. §§ 762, 3501.2, and 7799.1.

**Rule 2.4. Petition for Adjudication/Statement of Proposed Distribution; Virtual Representation**

…

>   **Note:** Although substantially modified, Rule 2.4 is derived from former Rule 6.9. One modification is to require averments for virtual representation under 20 Pa.C.S. § 751(6) generally and representation in "trust matters" pursuant to 20 Pa.C.S. § 7721 *et seq.* Another substantial modification is the addition of subparagraph (e) that requires counsel to sign the petition for adjudication/statement of distribution attesting that the submitted petition for adjudication/statement of distribution accurately replicates the Model Form and subjects counsel to rules and sanctions as provided in Pa.R.C.P. Nos. 1023.1 through 1023.4. (*See* Rule 3.12.)

>   **The filings required by this rule are subject to the *Public Access Policy of the Unified Judicial System of Pennsylvania:  Case Records of the Appellate and Trial Courts*.  *See* Rule 1.99.**

>   **Explanatory Comment:** The Supreme Court has adopted form petitions for adjudication/statements of proposed distribution of a decedent's estate, trust, guardian of an incapacitated person's estate, guardian of a minor's estate, and the estate of a principal stated by an agent under a power of attorney. These form petitions for adjudication/statements of proposed distribution are the exclusive forms for adjudicating an Account, and consequently, the local court and clerk must accept these statewide forms and may not accept or allow any other forms previously permitted under local rules. The exclusive statewide form petitions for adjudication/statements of proposed distribution appear in the Appendix and are available electronically at www.pacourts.us/forms under the For-the-Public category.

Cover sheets or checklists may be required by local rule as permitted by Rule 1.8(c).

**Rule 2.7. Objections to Accounts or Petitions for Adjudication/Statements of Proposed Distribution**

…

**Note:** Although substantially modified, Rule 2.7 is derived from former Rule 6.10.

**The filings required by this rule are subject to the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts*. *See* Rule 1.99.**

**Explanatory Comment:** If the notice received by the objector has a service list appended to it setting forth the name and address of each interested party who received the notice under Rule 2.5, the objector must mail his or her objections to every name and address appearing on the service list.

**Rule 2.8. Pleadings Allowed After Objections are Filed**

…

**Note:** Rule 2.8 has no counterpart in former Orphans' Court Rules.

**The filings required by this rule are subject to the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts*. *See* Rule 1.99.**

**Explanatory Comment:** Preliminary objections to objections are limited in the grounds that may be raised. Insufficient specificity, failure to conform to law, and the inclusion of scandalous or impertinent matter, *inter alia*, are not properly raised as preliminary objections to objections. (*Cf.* Rule 3.9 and Pa.R.C.P. No. 1028).

**Rule 2.10. Foreign Heirs and Unknown Distributees**
…
**Note:** With only minor modifications, Rule 2.10 is substantively similar to former Rules 13.2 and 13.3. Former Rule 13.1 has been deleted.

**The filings required by this rule are subject to the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts*. *See* Rule 1.99.**

**Rule 3.3. Contents of All Pleadings; General and Specific Averments**

…

> **Note:** Rule 3.3 has no counterpart in former Orphans' Court Rules, but is derived from Pa.R.C.P. No. 206.1(c) and Pa.R.C.P. No. 1019.
>
> **The filings required by this rule are subject to the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts. See Rule 1.99.***

**Rule 3.4. Form of Petition; Exhibits; Consents; Signing and Verification**

…

> **Note:** Rule 3.4 is based upon former Rule 3.3 and Rule 3.4, but has been modified to require averments for virtual representation under 20 Pa.C.S. § 751(6) generally and representation in "trust matters" pursuant to 20 Pa.C.S. § 7721 *et seq.* Another modification is the addition of subparagraph (d) that requires petitioner's counsel to sign the petition, or all of the petitioners to sign the petition, if unrepresented, thereby subjecting these signatories to rules and sanctions as provided in Pa.R.C.P. Nos. 1023.1 through 1023.4. (*See* Rule 3.12.)
>
> **The filings required by this rule are subject to the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts. See Rule 1.99.***

**Rule 3.5. Mode of Proceeding on Petition**

…

> **Note:** Subparagraphs (a) and (b) of Rule 3.5 are derived from former Rule 3.5. The final sentence of subparagraph (a)(2) is identical to former Rule 3.7(h)(1); it merely has been relocated to this section. Subparagraphs (c) and (d) of this Rule have no counterpart in former Orphans' Court Rules.
>
> **The filings required by this rule are subject to the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts. See Rule 1.99.***
>
> **Explanatory Comment:** Personal jurisdiction is conferred by statute in certain circumstances. *See e.g.,* 20 Pa.C.S. § 7712. A sheriff does not need to serve the citation issued by the clerk; instead, any adult person may serve the citation and file the proof of service in accordance with subparagraph (a)(7) of this Rule 3.5. *See* 20 Pa.C.S. § 765. If a citation is not being issued with the petition, then the petition must be endorsed with a notice to plead. *See* Rule 3.5(b) and Pa.R.C.P.

No. 1026. The court, by local rule or by order in a particular matter, may establish a procedure for rules to show cause as provided in Pa.R.C.P. No. 206.4 *et seq.*

## Rule 3.6. Pleadings Allowed After Petition

…

**Note:** Rule 3.6 has no counterpart in former Orphans' Court Rules, but is based, in part, on Pa.R.C.P. No. 1017.

**The filings required by this rule are subject to the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts*. *See* Rule 1.99.**

**Explanatory Comment:** Any interested party may file a new petition bringing a new issue or dispute before the court or seeking alternative relief in the same trust or estate. Motions are permitted in Orphans' Court Division, and this Rule 3.6 does not prohibit or limit motions practice.

## Rule 3.9. Preliminary Objections

…

**Note:** Rule 3.9 has no counterpart in former Orphans' Court Rules, but is derived from Pa.R.C.P. No. 1028.

**The filings required by this rule are subject to the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts*. *See* Rule 1.99.**

**Explanatory Comment:** Preliminary objections raising an issue under subparagraphs (b)(2), (b)(3), (b)(4), and in some instances (b)(1), may be determined from the facts of record so that further evidence is not required. In such situations, the court may summarily decide preliminary objections prior to the filing of an answer.

…

## Rule 3.10. Denials; Effect of Failure to Deny

…

**Note:** Rule 3.10 has no counterpart in former Orphans' Court Rules, but is derived from Pa.R.C.P. No. 1029.

**The filings required by this rule are subject to the *Public Access Policy of the Unified Judicial System of Pennsylvania:  Case Records of the Appellate and Trial Courts.  See Rule 1.99.***

**Explanatory Comment:** Reliance on subparagraph (c) does not excuse a failure to admit or deny a factual allegation when it is clear that the respondent must know whether a particular allegation is true or false. *Cf.Cercone v. Cercone*, 386 A.2d 1, 4 (Pa. Super. 1978).

## Rule 3.11. Answer with New Matter

…

**Note:** Rule 3.11 has no counterpart in former Orphans' Court Rules, but is derived from Pa.R.C.P. No. 1030.

**The filings required by this rule are subject to the *Public Access Policy of the Unified Judicial System of Pennsylvania:  Case Records of the Appellate and Trial Courts.  See Rule 1.99.***

## Rule 3.14. Amendment

…

**Note:** Rule 3.14 has no counterpart in former Orphans' Court Rules, but is derived from Pa.R.C.P. No. 1033.

**The filings required by this rule are subject to the *Public Access Policy of the Unified Judicial System of Pennsylvania:  Case Records of the Appellate and Trial Courts.  See Rule 1.99.***

**Explanatory Comment:** Rule 3.9(d)(1) provides for amending a pleading after the filing of preliminary objections.

## Rule 7.2. Motion for Judgment on the Pleadings

…

**Note:** Rule 7.2 has no counterpart in former Orphans' Court Rules, but is derived from Pa.R.C.P. No. 1034.

**The filings required by this rule are subject to the *Public Access Policy of the Unified Judicial System of Pennsylvania:  Case Records of the Appellate and Trial Courts.  See Rule 1.99.***

**Explanatory Comment:** The Official Note to Pa.R.C.P. No. 1034 is fully incorporated by reference herein, except that the court may, but is not required to, promulgate local rules governing the procedure for these motions.

## Rule 7.3. Motion for Summary Judgment

…

**Note:** Rule 7.3 has no counterpart in former Orphans' Court Rules, but is derived from Pa.R.C.P. No. 1035.1 *et seq.*

**The filings required by this rule are subject to the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts. See* Rule 1.99.**

**Explanatory Comment:** The Notes, Official Note and Explanatory Comments to Pa.R.C.P. No. 1035.1 *et seq.* are incorporated by reference herein, except that the court may, but is not required to, promulgate local rules governing the procedure for these motions.

## Rule 7.4. Injunctions

…

**Note:** Rule 7.4 has no counterpart in former Orphans' Court Rules, but is derived from Pa.R.C.P. No. 1531.

**The filings required by this rule are subject to the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts. See* Rule 1.99.**

**Explanatory Comment:** With the repeal of 20 Pa.C.S. § 772, the propriety of and procedure for obtaining an injunction in an Orphans' Court matter was uncertain. This Rule clarifies that an injunction may be requested and issued in this court. The procedure for requesting the issuance of an injunction shall conform to the practice set forth in Pa.R.C.P. No. 1531. The Notes and Explanatory Comments to Pa.R.C.P. No. 1531 are fully incorporated by reference herein.

## Rule 8.2. Motions for Reconsideration

…

**Note: The filings required by this rule are subject to the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts. See* Rule 1.99.**

**Explanatory Comment:** The period for filing an appeal is not tolled by the filing of a motion for reconsideration unless the court grants the motion for reconsideration prior to the expiration of the appeal period. *See* Pa.R.A.P. 1701(b)(3). Interlocutory orders may be reconsidered anytime during the pendency of the proceeding. *See Key Automotive Equip. Specialists, Inc. v. Abernethy*, 636 A.2d 1126, 1128 (Pa. Super. 1994); 42 Pa.C.S. § 5505.